Nov. Term,
1854.

Brush
v.
Carpenter.

---

## Brush v. Carpenter.

An oral promise by *A.* to *B.* to indemnify *B.* against loss, if he will become replevin bail for *C.*, is void under the statute of frauds.

If *A.* places in the hands of *B.* money to be paid to *C.*, to indemnify him for having, as replevin bail, paid a judgment against *A.*, and *B.* promises *C.* to pay *C.* the money, *C.* can sustain an action therefor.

In a suit originating before a justice of the peace, no great strictness as to the form of action and pleading is generally required.

Wednesday,
December 20.

ERROR to the *Ohio* Circuit Court.

Perkins, J.— *Carpenter* sued *Brush*, before a justice of the peace, in an action of assumpsit, for 23 dollars and 50 cents. The cause went by appeal to the Circuit Court, where the plaintiff had judgment.

It appears that *Carpenter* became replevin bail for one *Anderson*, upon the request of *Brush*, and on his promise to indemnify against loss, &c.; and that *Carpenter* had been compelled to pay, as such bail for *Anderson*, a fraction over 20 dollars.

The evidence further tends to show that *Anderson* had placed money in the hands of *Brush* to pay the amount *Carpenter* had paid for said *Anderson*, and that *Brush* had promised *Carpenter* to pay him the amount.

It is urged, in this Court, by counsel, that the promise of *Brush* to *Carpenter* to indemnify him as bail, was void under the statute of frauds, not having been in writing.

This position seems to be well settled by the latest authorities. *Nelson* v. *Boynton*, 3 Metcalf 396.—*Kingsley* v. *Balcombe*, 4 Barb. S. C. Rep. 131.—*Green* v. *Cresswell*, 10 Adolph. and Ellis 453. But it does not dispose of the case.

If *Anderson* placed in the hands of *Brush*, for the use of *Carpenter*, the money to pay the latter, and *Brush* expressly promised the latter to pay it to him, *Anderson* being thereby released from liability to *Carpenter*, *Carpenter* can sustain an action against *Brush* for the amount. Such a state of facts might be inferred by a jury from the evidence.

But it is further urged that *Brush* had actually paid *Carpenter* before the institution of this suit.

The evidence on this point was, that *Brush*, on one occasion, when called on to pay, gave *Carpenter* "a note on *Tower Lemon*, and told him to go to *Lemon* and get the money; that if *Lemon* did not pay the money, to bring the note back, and he, *Brush*, would pay the money;" that *Carpenter* did go to *Lemon* and demand the money, but failed to get it, and that it had not yet been paid by *Lemon* to any one. *Lemon* is solvent. The note was tendered back at the trial—perhaps before the suit. The note was not assigned to *Carpenter*.

These facts did not show that the note was taken as payment, nor that it had produced payment, but the contrary; and constituted no bar to this suit.

Had negligence in the matter been fixed on *Carpenter*, the case might have been different. He might thus have made the note his own, and been bound to account for its amount. See *Spangler* v. *McDaniel*, 3 Ind. R. 275.

The suit having originated before a justice of the peace, no great strictness as to form of action, and pleading generally, is required.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*D. Kelso* and *J. W. Gordon*, for the plaintiff.