Beaty and Another *v.* Grim and Others.

*Per Curiam.*—The judgment is affirmed with one per cent. damages and costs.

*J. S. Scobey* and *William Pound*, for appellants.

*Oscar B. Hord* and *Cortez Ewing*, for appellee.

━━━━━◦◦◦━━━━━

BEATY and Another *v.* GRIM and Others.

A verbal contemporaneous agreement, made by the sellers of a contract for the delivery of hogs, in reference to the performance, by them, of its stipulations, in the event of the failure of the original contracting parties, can be enforced, without violation of the statute of frauds.

APPEAL from the *Grant* Common Pleas.

HANNA, J.—Suit on a note. Answer: 1. Want of consideration. 2. Sets up payment of a part, set-off on account of indebtedness for money had and received; and set-off in a further sum for damages on account of the non-performance of a contract. 3. That the consideration of said note was the sale and assignment by plaintiffs to defendants of a written contract made to them by one *Harlan* for the delivery of hogs, &c.; that plaintiffs agreed, upon said sale, that if said *Harlan* did not perform or fulfill said contract by, &c., that they would, which said *Harlan* and plaintiffs failed to do, &c., to the damage, &c. 4. Failure of consideration specifically stated. 5. Similar to the third, setting up the payments made and damages suffered as a counter-claim.

Demurrers were sustained to the second, third and fifth paragraphs of the answer. Reply in denial of the third and fourth. Trial by the Court Finding and judgment for plaintiffs for the amount of note and interest.

. It appears to us the demurrer was improperly sustained to the second paragraph of the answer. The sum alleged to have been paid, and due by set-off for money had, &c., exceeded the amount of the note and was apparently a good defence. The further allegation in the way of set-off was, perhaps, not well pleaded; and could have been got rid of by taking the proper steps, without touching the former part of the paragraph, which thus presented a full defence.

The question presented by the rulings upon the third and fifth paragraphs of the answer is, whether a verbal contemporaneous agreement made by the sellers of this contract, in reference to the performance, by them, of its stipulations in the event of the failure of the original contracting party, can be enforced.

The sale of the interest of the plaintiffs in the existing contract was for a certain consideration, part of which was paid and the note sued on executed for the residue, as is alleged and admitted by the demurrer. The large amount, 800 dollars, thus agreed to be given for a mere inchoate right, the prospective right to have 300 hogs delivered at a named time and place, and at a designated price, entitled the defendants to expect the performance of the stipulation strictly and promptly. To secure that performance they could make such agreement with the sellers of this right as seemed necessary to effect that end. One means would be that if he who had thus agreed to deliver said hogs should not do so; then they who held and thus transferred the agreement would deliver a like number at, &c., at the same price. The object defendants had in view appears to have been to obtain a certain number and description of hogs, at a named time and place. The plaintiffs, in effect, said: "*Mr. Harlan* has agreed in writing to deliver us that number, &c., of hogs; give us so much and you may take the same and retain the benefit thereof. Very well, but suppose he does not comply with his undertaking, must

I rely upon the recovery from him of damages to reimburse the funds, &c., now advanced to you? No, we will fulfill the undertaking if he does not."

It appears to us here was a promise made in consequence, and arising out of the new and original consideration of benefit moving from the defendants to the plaintiffs, namely, the sum paid for the privilege of said contract, the prospective or anticipated profits to arise therefrom, and therefore such agreement does not fall within the statute of frauds, as contended. 1 Smith's L. Cases, 385.

And as the payment so made, and damages set up, arose out of the same transaction, in which the note sued on was executed, we do not perceive why it can not be set up in the same form; for, under this view, the defendants had a right of action if they saw proper to enforce it, in the first instance, against the plaintiffs, without having sued or given an excuse for not suing *Harlan.*

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*Jonathan H. Jones,* for appellants.

*John Brownlee* and *Walter March,* for appellees.