## SHOOK and another vs. VANMATER.

### *Statute of Frauds.*

Plaintiffs, on surrendering to B. securities held by them to indemnify them from liability as makers of a note with him and for his accommodation, received from V., in consideration thereof, his written guaranty against such liability if they would permit B. "to manage the matter himself." *Held*, that V.'s promise was an original undertaking, and not within the statute of frauds.

APPEAL from the Circuit Court for *La Fayette* County. This appeal was taken by defendant from an order overruling his demurrer to the complaint as not stating a cause of action. The substance of the complaint is stated in the opinion.

*Cobb & Sudduth* (with *S. U. Pinney*, of counsel), for appellant, contended that the written contract of guaranty did not *express the consideration*, within the meaning of the statute of frauds, citing *Burnett v. Bisco*, 4 Johns., 235; *Bailey v. Freeman*, id., 283; *Leonard v. Vredenburg*, 8 id., 29; *Taylor v. Pratt*, 3 Wis., 696; *Brewster v. Silence*, 4 Seld., 207; *Weed v. Clark*, 4 Sandf. S. C., 31; *Utica & Schen. R. R. Co. v. Brinckerhoff*, 21 Wend., 139; 9 id., 336. 2. It was not an original undertaking, the advantage relinquished by plaintiffs not having enured to defendant's benefit, so as to make the transaction in effect a purchase by defendant of them. *Curtis v. Brown*, 6 Cush., 488, and cases there cited; *Dyer v. Gibson*, 16 Wis., 557; *Mallory v. Gillett*, 21 N. Y., 412.

*Henry & Smith* (with *William F. Vilas*, of counsel), for respondents, to the point that defendant's promise was an original undertaking and not within the statute of frauds, cited *Chapin v. Merrill*, 4 Wend., 657; *Olmstead v. Greenly*, 18 Johns., 12; *Mallory v. Gillett*, 21 N. Y., 412; *Read v. Nash*, 1 Wilson, 305; *Jarmain v. Algar*, 2 C. & P., 249; Roberts on

Frauds, 208. To the point that even if it had been within the statute, there was a consideration expressed, they cited *Stadt v. Lill*, 9 East, 348; *Newberry v. Armstrong*, 4 C. & P., 59; *Eastman v. Bennett*, 6 Wis., 232, and cases there cited; *McNaughton v. Conkling*, 9 id., 316; *Williams v. Ketchum*, 19 id., 231.

COLE, J. It is insisted that the complaint in this case states no cause of action, and that the demurrer to it should have been sustained.

It appears from the allegations of the complaint, that the plaintiffs, on the 27th day of May, 1859, signed with one Baker, and as accommodation makers, a promissory note for $600, payable to one Humphrey, sixty days from date. Baker had agreed to purchase a farm from one Kline, but, being unable to raise money sufficient to pay for the same, was compelled to borrow the amount of the note, and requested the plaintiffs to sign the note with him, to obtain the money from Humphrey. In order to secure the plaintiffs from loss by reason of signing the note, Baker agreed to have the farm which he had purchased from Kline conveyed to them, and to take a bond for a re-conveyance upon his paying the note to Humphrey when it became due. And further to secure them from loss in consequence of signing the note, Baker promised to deposit, and did deposit and leave with them, certain promissory notes belonging to him, amounting to the sum of $500 or $600. After the plaintiffs had signed the note given to Humphrey, Baker informed them that he preferred to have the farm purchased by him of Kline conveyed to other parties, and was anxious to obtain possession of the notes which he had deposited with them as security, and requested them to accept other security instead of the farm and notes. And thereupon, on the 10th of June, 1859, in consideration of said plaintiffs'

returning said notes to Baker, and agreeing that the farm might be conveyed to other and different parties, the defendant gave the following instrument: "Fayette, June 10th, 1859. Whereas, *Matthew Cunningham* and *Jonas Shook* have signed a promissory note with Josiah G. Baker, payable to Charles Humphrey, of Monroe, for six hundred dollars, I hereby guaranty the above named *Cunningham* and *Shook* harmless from damages or liabilities in consequence thereof, in case they allow said Josiah G. Baker to manage the matter himself. JOHN J. VANMATER."

It is alleged that this guaranty was presented to the plaintiffs by Baker, and that they, relying upon it, were induced to surrender the notes which they held as security, to Baker, and also consented that the farm might be conveyed to any party Baker requested it might be conveyed to. It is further alleged that the defendant was informed that the guaranty was to be given the plaintiffs for the purpose of obtaining from them the notes left with them for security, and also for the purpose of inducing them to consent that the farm might be conveyed to other parties than the plaintiffs; and further, that the plaintiffs allowed Baker to manage the matter himself; but that they have been compelled to pay a judgment obtained on the note which they gave to Humphrey with Baker, amounting in the whole to the sum of $945.83; and that the defendant has refused to indemnify them, or pay any part of that sum. These are the material allegations of the complaint. In support of the demurrer, it is insisted that the written guaranty upon which the action is brought, is within the statute of frauds, and is void, because it does not state the consideration upon which it was made. This is the only question discussed in the case. Is, then, the written guaranty within the statute? It appears to us not.

It will be seen that the plaintiffs had in their possession

promissory notes belonging to Baker, to secure them for any loss which they might sustain by reason of signing the note given to Humphrey. They were likewise to have the title of the Kline farm conveyed to them for a like purpose. These notes, and the title to the farm, they agreed to surrender to Baker upon the request of the defendant, and upon the faith of his written guaranty that if they would do so he would save them harmless from all damages or liabilities which they might sustain in consequence of signing the Humphrey note. It was an original undertaking made by the defendant, upon a sufficient consideration. The consideration of the guaranty likewise moved to the defendant from the plaintiffs; and if it was not of benefit to him, it certainly was of harm to them. For they surrendered, at his request and upon his promise, the ample security which they already held to indemnify them against loss. The case, if it can be said to fall within the classification at all, must belong to the third class of cases mentioned by Chief Justice KENT in *Leonard v. Vredenburg*, 8 Johns., 29, and is not within the statute. See likewise the authorities cited in *Mallory v. Gillett*, 21 N. Y., 412. In *Chapin v. Merrill*, 4 Wend., 657, it was held that a promise by one person to indemnify another for becoming a guarantor for a third, is not within the statute of frauds; and that such promise need not be in writing, the assumption of the responsibility being a sufficient consideration for the promise. To the same effect are *Chapin v. Lapham*, 20 Pick., 467; *Harrison v. Sawtel*, 10 Johns., 242; *Alger v. Scoville*, 1 Gray, 391; *Aldrich v. Ames*, 9 Gray, 76; *Beaman v. Russell*, 20 Vt., 205; and *Eastwood v. Kenyon*, 11 Ad. & Ellis, 438.

When the guaranty of indemnity was made in this case, Baker was not owing the plaintiffs. The note, even, which they had jointly executed to Humphrey, was not yet due

It is true, if they should be compelled to pay that note, the law would doubtless imply an obligation on Baker's part to indemnify them. But the defendant, for a valuable consideration, to him moving, agreed to relieve them from the payment of that note. In other words, so far as they were concerned, he assumed to pay that note for them. He undertook to save them harmless from the performance of an obligation which might result in a debt against them. The case is strictly within the doctrine of the cases above cited, which held that such an undertaking is not within the statute of frauds.

*By the Court.*—The order of the circuit court, overruling the demurrer, is affirmed.