## DRULY *v.* HUNT.

VOLUNTEER SOLDIER.—*Credit to Township.*—*Evidence.*—Where the question submitted to the jury was, whether a person entering the military service of the United States under a call for volunteers had been credited to a particular township;

*Held,* that the muster-roll containing his name as a resident of that township was not sufficient evidence of the fact that such township had received the credit.

SAME.—*Bounty,—Collateral Promise.*—An instruction to the jury, that where one promised to guarantee or warrant the pay to a volunteer which had been promised to be paid by a public meeting, his promise was only collateral and not binding on him, unless in writing, was held proper in a case, where if the evidence showed any contract, it had a tendency to show that it was thus collateral.

APPEAL from the Wayne Common Pleas.

WORDEN, J.—Hunt, the appellee, sued Druly, the appellant, and others, on an alleged contract to pay him two hundred dollars in consideration of his entering into the military service of the United States, on the call of the President for five hundred thousand men, and being credited to Boston township, in said county of Wayne. Issue, trial, verdict, and judgment for the plaintiff as against the appellant, a new trial having been refused him.

On the trial, the appellee, in order to prove a compliance on his part with the alleged contract, offered in evidence the

original muster-roll, on the certificate of the adjutant-general of the State, showing that Hunt was mustered into the service to serve three years from the 7th of March, 1864, and that he was a resident of Boston township, in said county of Wayne. Objection was made to this paper, but the objection was overruled, and the defendant excepted.

We are not entirely harmonious in our views in respect to the propriety of admitting this instrument on the certificate above mentioned; we therefore decide nothing in respect to it, as the judgment must be reversed upon other grounds.

The court charged the jury as follows, viz.:

"4th. That he" (the plaintiff) "was mustered into the service of the United States to the credit of Boston township, must be proved by the original muster-roll or a properly exemplified copy thereof. Such muster-roll must show the residence of the mustered recruit. And if the muster-in-roll exhibited you shows that the residence of plaintiff, at the time of muster, was Boston township, Wayne county, Indiana, it would warrant you in finding that the plaintiff was mustered into the United States service to the credit of said township."

This charge was duly excepted to by the defendant, and we think it was not the law. It is matter of history, that in filling the various calls for men as they were needed during the late civil war, recruits were generally, if not universally, credited to whatever township or county they chose, without reference to their place of residence, depending much upon the bounty offered or inducements held out to them. The charge implies that there was a presumption that the recruit was credited to the township in which he resided, otherwise the jury would not be warranted in finding that he was credited to Boston township from the fact of residence therein. We are of the opinion that there was no presumption on the subject, either one way or the other, and therefore, that the jury were not warranted in finding that Hunt was credited to Boston township because he resided therein, and that such

residence was shown in the muster-roll. The court, as we think, erred in giving the charge.

The following charge was asked by the defendant, and refused:

"If Druly promised to guarantee or warrant the pay to plaintiff which had been promised to be paid by a public meeting, his promise was only collateral, and not binding on Druly unless in writing."

Our statute provides, that no action shall be brought "to charge any person upon any special promise to answer for the debt, default, or miscarriage of another," unless the contract shall be in writing. 1 G. & H. 348.

We think the charge in question, fairly construed, means that if a body of people at a public meeting had promised the plaintiff the money for which he sues, and if the defendant merely guaranteed or warranted that the money thus promised should be paid, his contract was collateral, and not binding unless in writing.

Thus construed, the charge expressed the law, and should have been given. The charge was applicable to the case, inasmuch as the evidence, if it showed any contract on the part of the defendant, had a tendency to show that it was thus collateral. It was for the jury to say, under proper instructions, whether the promise of the defendant, if he made any, was original or collateral.

The judgment below is reversed, with costs, and the cause remanded.

*W. A. Bickle*, for appellant.

*C. C. Binkley*, for appellee.