## VOGEL VS. MELMS.

*Promise of indemnity — Statute of Frauds.*

An oral promise by A, made to B, to indemnify him for endorsing C's note (payable to B's order) is not void by the statute of frauds, if the endorsement was in fact made solely upon the faith and credit of such promise, even though C at the same time promised B to pay the note. *Shook v. Vanmater*, 22 Wis., 534, followed.

APPEAL from the County Court of *Milwaukee* County.

Action upon an oral promise of indemnity alleged to have been made by the defendant, *Leopold Melms*, and by which the plaintiff was induced to endorse a promissory note executed by William Melms, and payable to the plaintiff's order, which note plaintiff was afterwards compelled to pay. The substance of the case was thus stated by Mr. Justice COLE, in his opinion.

"It appears that on the 10th of August, 1870, the plaintiff endorsed the note described in the complaint. This note was executed by William Melms and made payable to the plaintiff's order, who endorsed it in order that it might be negotiated to raise money to enable William Melms to go on with a contract which he had entered into with the city of Milwaukee to build a bridge for the city. The plaintiff was surety for the performance of

this contract on the part of William, and it appears that the defendant agreed to advance, and in fact did advance, to his brother William, at different times, over $4,000, receiving orders on the city covering the full amount of the contract price for building the bridge. William required more money than the defendant could or was willing to advance, and this note was made to raise money, and was discounted at the bank of M. Von Baumbach & Co., of which the defendant was a partner. The plaintiff had to pay the amount of the note so discounted, and brought this action to recover the amount paid. The plaintiff alleges that at the time he endorsed the note, William Melms, the maker, was insolvent, and that he was induced so to endorse it at the special request of the defendant, relying upon his verbal promise to indemnify and save him harmless for any loss he might sustain by reason of such endorsement. The defendant alleges that William Melms was not insolvent at the time of the making of the note, and that plaintiff did not suppose him to be so. He denies that the endorsement was made upon his request and promise ; and he also claims and insists that even if this promise was made as alleged, it was a special promise to answer for the debt, default or miscarriage of another person, and was void because not in writing expressing a consideration. On the part of the plaintiff it is claimed, that the promise of the defendant was to indemnify and save the plaintiff harmless for endorsing the note, and that this was an original undertaking to which the statute does not apply.

" As bearing upon this question whether or not the promise of the defendant was void by the statute of frauds, the court below instructed the jury that if they found from the evidence that the defendant alone promised to indemnify the plaintiff from any loss by reason of his endorsement of the note of William Melms, and that the plaintiff did therefore indorse it, relying upon the promise of the defendant for indemnity, then the promise was binding in law ; and further, if they were satisfied from the evidence that the defendant promised to indem-

nify the plaintiff and save him harmless from the endorsement of the note in question, *and that William Melms also promised to indemnify and save him harmless,* then they must determine *to whom the credit was given;* and if they believed the whole credit was given to the defendant, and that the plaintiff endorsed the note relying upon *his* promise alone, then the plaintiff was entitled to recover."

Verdict and judgment for the plaintiff; and defendant appealed from the judgment.

*Smith & Stark,* for appellant:

Every special promise to answer for the debt, default or miscarriage of another person is void if not in writing. R. S., ch. 107, sec. 2, subd. 2. It is well settled that where a third person owes, or is about to owe, a debt or obligation to the promisee, if the promisor agrees to pay it, such promise *must be in writing.* A new consideration does not take it out of the statute; for without a new consideration it would have no force even if in writing. A few cases have made a distinction between debts pre-existing and those about to be created; but while that distinction may be material in deciding upon the validity of the *consideration,* it is now conceded that it has no bearing upon the application of the statute. Nor is it material whether the promise is, in words, to pay the debt of a third person or to indemnify the promisee against it. It is still a promise to answer for the default of anothet; and the question of the validity of the oral promise depends upon whether it is or is not collateral to the agreement or obligation of a third person. *Birkmyr v. Darnell,* 1 Smith's L. C., 134, 135 and notes: also notes of American editors, 4th Am. ed., 325; *Emerick v. Sanders,* 1 Wis., 93, 97; *Matson v. Wharam,* 2 Term, 80; 3 Parsons on Con., 21; *Brown v. Weber,* 38 N. Y., 187; *Leonard v. Vreden-burg,* 8 Johns., 29; *Mountstephen v. Lakeman,* L. R., 5 Q. B., 613. As to promises of indemnity, counsel cited further, 1 Smith's L. C. (6th Am. ed.), 477; *Staats v. Howlett,* 4 Denio, 559; *Wing v. Terry,* 5 Hill, 160; *Rogers v. Kneeland,* 10 Wend.,

Vogel vs. Melms.

218, 249; *Mallett v. Bateman*, 16 C. B. (N. S.), 530; *Green v. Cresswell*, 10 A. & E., 453; *Turner v. Hubbell*, 2 Day, 457; 3 Parsons on Con., 19; 1 Throop on Verbal Agreements, §§ 427, 438. The promise here is to the person assuming the liability contemporaneously with the promise, and it is therefore not the debt or obligation of the promisee (as in *Shook v. Vanmater*, 22 Wis., 534), but that of a third person which is the subject of the guaranty. 2. Counsel distinguished the cases of *Chapin v. Merrill*, 4 Wend., 657; *Perley v. Spring*, 12 Mass., 297; *Smith v. Sayward*, 5 Greenl., 504; *Holmes v. Knights*, 10 N. H., 175; *Reed v. Holcomb*, 31 Conn., 360; *Downey v. Hinchman*, 25 Ind., 453; *Chapin v. Lapham*, 20 Pick., 467; *Aldrich v. Ames*, 9 Gray, 76; *Beaman v. Russell*, 20 Vt., 205; *Harrison v. Sawtel*, 10 Johns., 242; and they contended that in these cases and others there are circumstances which show, or are supposed to show, that no third person was holden to the plaintiff, at least on any actual promise or request, and so the defendant's promise was original; while very many cases hold that, even where there is no request or promise made by the third person, yet, *if he is liable at all*, the defendant's promise is collateral, and within the statute. *Green v. Cresswell*, 10 A. & E., 453, expressly overruling *Thomas v. Cook*, 8 B. & C., 728, and a leading case; *Kingsley v. Balcome*, 4 Barb., 131, overruling *Chapin v. Merrill* and *Perley v. Spring*, *supra*; *Barry v. Ransom*, 12 N. Y., 462; *Baker v. Dillman*, 21 How. Pr. R., 444 (12 Abb. Pr. R., 313); *Easter v. White*, 12 Ohio St., 219; *Kelsey v. Hibbs*, 13 id., 340; *Brown v. Adams*, 1 Stewart (Ala.), 51; *Draughhan v. Bunting*, 9 Ired., 10; *Brush v. Carpenter*, 6 Ind., 78.

*Butler & Winkler*, for respondent, to the point that the contract of indemnity in this case was not affected by the statute of frauds, cited *Eastwood v. Kenyon*, 11 A. & E., 438; *Chapin v. Merrill*, 4 Wend., 657; *Aldrich v. Ames*, 9 Gray, 76; *Harrison v. Sawtel*, 10 Johns., 242; *Alger v. Scoville*, 1 Gray, 391; *Chapin v. Lapham*, 20 Pick., 467; *Beaman v. Russell*, 20 Vt.,

205; *Mills v. Brown*, 11 Iowa, 314; *Conkey v. Hopkins*, 17 Johns., 113; *Westfall v. Parsons*, 16 Barb., 645; *Smith v. Sayward*, 5 Greenl., 504; *Holmes v. Knights*, 10 N. H., 175; *Jones v. Administrators, etc.*, 1 Kelly, 294; *Dunn v. West*, 5 B. Mon., 376; *Lucas v. Chamberlain*, 8 id., 276; *Reed v. Holcomb*, 31 Conn., 360; 3 Parsons on Con., 22, note; *Mallory v. Gillett*, 21 N. Y., 412; and they relied upon *Shook v. Vanmater*, 22 Wis., 534, as settling the question in this state.

The following opinion was filed at the January term, 1872.

COLE, J.  The only question of any difficulty in this case is that which arises upon the statute of frauds.  If the alleged undertaking of the defendant is not a promise on his part to answer for the debt or default of another, within the meaning of that statute, then it is plain the other exceptions taken on the trial, to the sufficiency of the complaint and the admission of the evidence in respect to the insolvency of William Melms, must be overruled.

It appears to us that the instructions given were applicable to the facts which the evidence tended to establish, and the only question is, therefore, whether they were correct as propositions of law.  It must be conceded that their correctness is sustained by many respectable authorities, and they are clearly in harmony with the decision of this court in *Shook v. Vanmater*, 22 Wis., 532.  In that case the plaintiffs surrendered to Baker securities which they held to indemnify them from loss as accommodation makers of a promissory note signed by them and Baker, which was made payable to one Humphrey, upon receiving from the defendant his promise in writing — but expressing no consideration — that he would save them harmless from damages and liabilities in consequence thereof.  This promise was held to be an original undertaking, made upon a sufficient consideration, and not within the statute.  We were well aware that there was considerable conflict of decision upon this question; but we then thought, and still are of

the opinion, that a preponderance of authority sustains the doctrine, that a promise to indemnify a surety for becoming responsible for the principal, which is made by a third party at whose request and upon whose credit the surety enters into his engagement, is not within the statute. A number of cases are cited in the opinion in *Shook v. Vanmater* in support of the ruling there made ; and it would be very easy to cite more to the same effect. Nor is it difficult to find cases on the other side, which hold that the statute, in words and spirit, embraces this class of engagements. It is evident that a choice must be made between two lines of conflicting decisions, and we have adopted the rule which seemed to us sustained by the weight of authority. The law upon this subject is still quite unsettled even in the English courts, as is strikingly illustrated by the history of a very recent case to which we were referred by the counsel for the defendant — that of *Mountstephen v. Lakeman*, Law Reports, 5 Queen's Bench, 612, where it was held that a promise to be answerable for the debt of another person is within the statute although that other person never becomes legally indebted to the promisee; and that it is sufficient to bring the promise within the statute, that, at the time the promise is made, the promisor and promisee expect that a legal obligation towards the promisee will be incurred by a third person. Yet it is stated in the American Law Review for April, 1872, p. 591, that this case has been reversed in the exchequer chamber, where WILLES, J., in delivering judgment, after quoting the note to *Birkmyr v. Darnell*, 1 Salk., 27, "From all the authorities it appears, conformably to the doctrine in that case, that if the person for whose use the goods, etc., are furnished, be liable at all, any other person's promise is void except in writing,"— adds : "That may very well be modified to the extent of adding the words, if he be liable at all, or if *his liability be made the foundation of the contract between the plaintiff and the defendant.*"

But the doctrine of the case of *Shook v. Vanmater* is decisive

of the case before us, since, under the instructions, the jury must have found that the defendant promised to indemnify and save the plaintiff harmless from the indorsement of the note in question, and that the plaintiff did indorse it, relying upon this promise alone, and there can be no doubt there was a sufficient consideration for this promise, if we are right in assuming that it is an original, independent undertaking on the part of the defendant, and not collateral to anything promised by William Melms. It is true, the counsel for the defendant attempted to distinguish this case from that of *Shook v. Vanmater*, on the ground that here the promise of indemnity was contemporaneous with the liability incurred by the surety, while in that case such promise was to indemnify against a liability theretofore incurred. But we do not perceive any satisfactory reason for making a distinction on that ground. Prof. Parsons, in his work on contracts, 3d vol. (fifth edition), p. 22, note (p), says: "It has been made a question whether a promise by A to indemnify B for guarantying a debt due from C to D is within the statute. It is clear, upon the authorities already cited, that such a promise is not within the statute as being a promise of answer for the debt of C. For that purpose it must have been made to D, to whom the debt was due. * * * The question would seem to depend upon the time when the promise of C, the person for whom the guaranty was given, arises. And this, again, will depend upon the particular circumstances of the case. If these are such as to authorize the inference that C made an *actual promise* to indemnify his guarantor at the time when the undertaking of A was given, or prior thereto, the reasonable presumption is, that the promise of A was intended to be collateral. If, on the other hand, there is nothing in the case from which an *actual promise* by C can be inferred, and he can only be liable on a promise raised by operation of law from B having been compelled to pay money on his account, it would seem to be clear that the promise of A must be original. For the promise of C arises upon a subsequent and

independent fact, after the promise of A has become a complete and valid contract."

In the case before us, as already observed, the jury must have found that the indorsement was made solely and exclusively upon the promise of the defendant to indemnify the plaintiff against that liability. There is nothing in the case from which a promise on the part of William Melms to indemnify the plaintiff can be inferred. And if there were anything of the kind, the question has been fairly submitted to the jury on the evidence, and they have in effect found that no such promise was made.

These remarks substantially dispose of all the questions arising upon the instructions which the court gave, and those which it refused to give at the request of the defendant, except the third instruction for the plaintiff. It is insisted that this instruction was erroneous because it left to the jury to find whether *Leopold Melms* received or got control of the money which came from the city, while there was no evidence to support such a finding. The court however only held, that, if the defendant promised the plaintiff that he would use the money which should come into his hands to pay the note and save him harmless for the indorsement thereof, and if the plaintiff, relying upon such promise, did so indorse it, then the defendant was in duty bound to make that application of the funds to the extent of such money received from the city on the bridge contract. We cannot see how the defendant could have been prejudiced by that instruction; for upon the assumption that the defendant did not get any money or control any, there would be nothing in his hands to apply to the payment of this note, and the jury would so find under the direction of the court.

Upon the whole record we think the judgment is correct, and must be affirmed.

*By the Court.*— Judgment affirmed.

The appellant moved for a rehearing. The motion was denied, and the following opinion filed, at the June term, 1872

COLE, J. Notwithstanding the able argument made in support of the motion for a rehearing, we still think the jury were properly directed as to the law which controlled the case. It is said that the third special instruction asked on the part of the defendant embodies the law as this court has laid it down in the opinion already filed. This is a misapprehension. We thought the charge of the court was substantially correct, and embraced the rule sustained by the weight of authority. The third instruction, which, it is insisted, should have been given, was to the effect that if the jury found from the evidence that William Melms, the maker of the note, requested the plaintiff to indorse it, and promised to pay it, then any promise of the defendant in respect to indemnity was collateral to the promise of William Melms, and was within the statute. Now the difference between this instruction and the law as given is material.

The court held that if the defendant promised to indemnify the plaintiff and save him harmless from the indorsement of the note, and William Melms also made the same promise, still, if the whole credit was in fact given to the defendant's promise, and the plaintiff relied upon that alone when he endorsed the note, then he could recover.

This of course makes the case turn upon the question, upon whose credit and promise the plaintiff assumed the liability. If he assumed it wholly upon the promise of the defendant, without any reference whatever to the promise of William, and not relying upon the promise of the latter at all, then the undertaking of the defendant was not collateral to that of William. Suppose the plaintiff knew William to be utterly irresponsible and did not and would not act upon his promise, but did endorse the note solely relying upon the promise of the defendant to indemnify him: would then the fact that William also requested him so to endorse the note and promised to pay it,

render the engagement of the defendant a collateral undertaking and bring it within the statute? It seems to us not. For the whole credit would have been given to the defendant, and upon his promise alone would the plaintiff assume the liability. And this, we think, is the error in the third instruction : that though the plaintiff did not and would not indorse the note at William's request, yet if that request was made when he acted upon the request of the defendant, relying upon the latter's promise alone to indemnify, then the defendant's promise in respect to indemnity was collateral to the promise of William. This precise question is so clearly and ably discussed by Chief Justice PARKER, in *Holmes v. Knights*, 10 N. H., 175, that we cannot do better than refer to that case as a correct exposition of the rule of law which we adopt and which we think is sustained by the weight of authority.

The counsel criticises the remark in the opinion that " there was nothing in the case from which a promise on the part of William Melms to indemnify the plaintiff can be inferred." The meaning that was intended to be conveyed was, that there was no evidence of any actual promise made by William Melms upon which the plaintiff relied when he endorsed the note, and that the jury must have so found under the charge of the court. They must have found that the plaintiff did not assume the liability upon any request or promise made by William, but wholly upon the request of the defendant and upon his promise to indemnify and save him harmless from the consequences of the endorsement.

This is all we deem it necessary to say upon the motion for a rehearing.

*By the Court.* — The motion is denied.