CHAMBERLIN v. INGALLS.

**Statute of frauds:** PROMISE TO PAY THE DEBT OF ANOTHER. If, in the purchase of property, a party promise to pay a part of the consideration to a third party, who is a creditor of the seller, the case is not within the statute. It is but the promise of the purchaser to pay his own debt to a particular person.

*Appeal from Cerro Gordo Circuit Court.*

WEDNESDAY JUNE 3.

THE plaintiff, in his petition, avers that on April 10, 1871, one Pierce was the owner of an equitable interest in a certain one story building, together with a leasehold interest in the lot whereon it was situated, in Mason City; that prior to that date a judgment was recovered against Pierce and his partner for $62.40, and it was made a lien on the building and the leasehold; that plaintiff signed a stay bond for Pierce and thereby became surety for the payment of said judgment; that on the date aforesaid Pierce sold and transferred his interest in the lot and building to the defendant herein, Ira Ingalls; that as part consideration therefor Ingalls verbally agreed with both Pierce and the plaintiff to pay the said judgment and costs; that Ingalls did not pay it, and the plaintiff had been compelled to pay it, and he asks to recover the amount so paid.

The defendant demurred to the petition because: *First*, It seeks to vary and contradict the terms of a written contract by parol testimony. *Second*, It states that the defendant promised to pay the debt of another, but does not state that such promise was made in writing. This demurrer was sustained, and the plaintiff appeals.

*Hartshorn & Flint*, for appellant.

*Charles Mackenzie*, for appellee.

COLE, J.—The first ground of demurrer has no existance in fact. There is nothing in the petition tending to show that it seeks to vary or contradict the terms of a written instrument by parol testimony.

The second ground of demurrer is not well taken in law, because the promise of the defendant, as is alleged in the peti-

STATUTE OF FRAUD: prom- ise to pay the debt of an- other.

tion, was a promise to pay for himself a part of the consideration for the property purchased, to a particular person, or in a particular way. The fact that by thus paying his own debt, contracted in the purchase of the property, he incidentally discharged the debt of another, would not render his promise any the less obligatory, or require it to be in writing. The case is within the rule as stated by KENT, C. J., in *Leonard v. Vredenburg*, 8 Johns, 29, that "where the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the newly contracting parties," it is not within the statute. The same rule is stated by JEWETT, J., in *Baker v. Bucklin*, 2 Denio, 45, where the authorities are elaborately reviewed, "it is not a promise to answer for the debt of another, but merely to pay the debt of the party making the promise, to a particular person, &c." See also *Brown v. Curtiss*, 2 N. York, 225; 3 Pars. on Contr. 24–27, and cases cited in the notes.

REVERSED.