Smith v. Cramer.

REVERSED.

## SMITH v. CRAMER ET AL.

1. **Estoppel**: REPLEVIN: PLEADING. In an action of replevin to recover a horse taken under execution, the plaintiff, S., alleged that the judgment under which execution issued was void; C. answered that S. had pleaded such judgment in another action between the parties, in which C., who was plaintiff therein, had dismissed the cause; S. replied that he was then ignorant of the facts which rendered the judgment void: *Held*, that S. would be concluded by ignorance which was the result of gross negligence.

2. ———: ONE MAY NOT PROFIT BY HIS OWN MISTAKE. One who, in honest error, asserts that which is not true, for the purpose and with the effect of influencing another, who in good faith relies upon the assertion, cannot correct the mistake for his own benefit and to the injury of the party deceived.

*Appeal from Winneshiek Circuit Court.*

FRIDAY, SEPTEMBER 25.

ACTION of replevin for a horse of the value of one hundred dollars. Plaintiff avers that he is the absolute owner and entitled to the immediate possession; that the horse was taken on execution on a judgment rendered April 16, 1869, by A. R. Thomas, a justice of the peace in Winneshiek county, in favor of S. L. Sheldon & Bro. and against the plaintiff; which judgment the plaintiff avers is absolutely void, for that the said justice had no jurisdiction to render the same; that the horse was taken by the defendant, Bailey, as constable, under the direction of the defendant Cramer. The petition was

verified, and on it the writ issued, and the horse was taken and delivered to this plaintiff.

The defendants admit the taking of the horse on the execution, as alleged, but deny that the judgment was void, and aver its validity; and, for a further answer, they aver that the defendant, Cramer, became the owner of said judgment and the claim whereon it was rendered; that said Cramer, in February, 1871, instituted suit upon said claim before J. W. Tower, a justice of the peace for Calmar township, in said county, against this plaintiff, to recover the amount thereof; that in said suit this plaintiff filed his answer, duly signed and verified by himself, as follows: "1. The defendant, for answer to the plaintiff's notice, petition, claim and demand, denies each and every allegation thereof. 2. For further answer, the defendant avers that, on April 8, 1869, S. L. Sheldon & Bro. did commence an action against this defendant before A. R. Thomas, then a justice of the peace in Calmar township, in said county, by the service of notice thereof on this defendant personally; that such proceedings were had in said action as that, on April 17, 1869, a judgment in favor of said S. L. Sheldon & Bro., and against this defendant, was rendered in said action by said justice, for $86 and costs of suit. That the said action so commenced, and the judgment rendered therein, as aforesaid, was for the identical cause of action upon which this action is founded." And these defendants aver that, by reason of said answer in said action, this defendant, Cramer, who was plaintiff therein, withdrew said suit, and these defendants aver that thereby this plaintiff is estopped to deny the validity of said judgment.

This plaintiff, for reply, admits the filing of said answer as alleged, etc., and avers that at the time he filed it he did not know it was void, or have knowledge of the facts which render it void.

Upon these issues this cause was tried before the court, without a jury, and upon the trial this plaintiff was sworn as a witness, and by him it was offered to prove that the plaintiffs in the former action, S. L. Sheldon & Bro., then resided in Madison, Wisconsin, that the justice of the peace resided and

kept his office in Calmar township, that this plaintiff, the defendant therein, resided in Bloomfield township; that he did not appear in said action, that the action was founded upon an account, and no property was attached therein; and that at the time he filed said answer, and the suit was withdrawn, he did not know that S. L. Sheldon & Bro. did not reside in Calmar township, nor that the constable's return of service of the notice therein showed that the service was made in Bloomfield township.

But the court excluded said testimony on the ground that it was immaterial, because the plaintiff is estopped.

Judgment was rendered for defendants in this action, and the plaintiff appeals.

*E. E. Cooley*, for appellant.

*Levi Bullis*, for appellees.

COLE, J.—For the purposes of this adjudication, it may be conceded that the facts offered to be proved by the plaintiff would show that the justice of the peace rendering the judgment in question had no jurisdiction, and that the judgment would, therefore, be void, and might be attacked, collaterally, in this action. The single question then remaining, and the only one necessary for us to decide is, whether, under the facts conceded by the pleadings, the answer in the former action constitutes an estoppel. In order to constitute an estoppel, ordinarily, there must have been a representation of a material fact, known to the party asserting it, and unknown to the other, with the intent that the other shall act upon it, and upon which he is induced to act. The only element claimed to be absent here, and respecting which the testimony was offered, is the second, to-wit: the knowledge of the party making the representation. For the answer represents the judgment as valid; this defendant Cramer was no party to it, and, in law, will be presumed ignorant of the facts respecting it; the answer was filed with intent to defeat the action, and the party was induced to act upon it, since, by the averments of the answer herein, which are not denied, that action was

withdrawn by reason of the representation that the former judgment was valid.

This narrows the question still more, and leaves to us the single inquiry, whether the plaintiff knew his representation 1. ESTOPPEL: as to the validity of the judgment to be false, or replevin: pleading. if he did not know it or the facts respecting it, can he now be allowed to show that he did not. If this plaintiff was ignorant of the facts connected with the rendition of the judgment which he pleaded as valid, and such ignorance was the result of gross negligence, he will be concluded as effectually by such negligence as he would by knowledge. It appears that the two facts, about which he asserts ignorance, are the contents of the officer's return and the residence of the plaintiffs in the judgment. As to the first of these, it appears the service was personal, and the party, therefore, knew that it was made in Bloomfield township, and the legal presumption is that the officer made a true return—which he did, in fact. As to the other, the party was served with notice personally, and the residence of the plaintiffs therein was a material fact relating to the jurisdiction, and this plaintiff neglected inquiring then and for about two years thereafter, and then pleaded the judgment as valid and binding upon all the parties—these facts may well be held to be gross negligence. See on this point *Calhoun v. Richardson*, 30 Conn., 210; *Preston v. Mann.* 25 Conn., 118; *Smith v. Newton* 38, Ill., 230; *Beardsley v. Foot*, 14 Ohio St., 414; *Odlin v. Gove*, 41 N. H., 465.

But further than this, it also appears that the representation as to the validity of the judgment, was made with a view 2. ——: mistake. to induce and to compel this defendant, Cramer, to act upon it. And the law is laid down as elemental, that where one, in honest error, asserts that which is not true, and does so for the purpose of influencing another who, in good faith, trusts to and acts upon it, he that made the mistake shall not correct it for his own benefit and to the injury of the party who was deceived by his assertion. See 2 Pars. on Contr., 800, and cases cited in the notes.

Without entering into an extended investigation of the

authorities, we are satisfied that, upon the general principles governing estoppels, under the facts of this case, the Circuit Court rightly held the plaintiff estopped.

AFFIRMED.