| 39 | 611 |
|----|-----|
| 78 | 723 |

## LESTER v. BOWMAN.

1. **Contract**: PARTIES: NOVATION. B. owed J., and J. owed L. The three met and mutually agreed that B. should pay to L. the amount he owed to J., and that this payment should be accepted *pro tanto* by L. in discharge of J's indebtedness, and by J. in satisfaction of B's. It was *held*, in an action by L. against B., that J's debt was discharged and that B. became liable to L.

2. **Statute of frauds**: PROMISE TO PAY THE DEBT OF ANOTHER. A promise by a debtor to pay the amount of his debt to a creditor of the one he owes, by which he becomes discharged of his obligation by mutual agreement of all the parties, is not a promise to discharge the debt of another within the meaning of the statute of frauds, but is simply a new agreement resting upon a sufficient consideration, to pay his own debt. Following *Chamberlin v. Ingalls*, 38 Iowa, 300.

*Appeal from Jasper Circuit Court.*

FRIDAY, OCTOBER 23.

THIS action was commenced before a justice of the peace for the recovery of $68.00, and interest from July 6th, 1870. Judgment was rendered for defendant. Plaintiff appealed to the Circuit Court, where the cause was tried by the court, and judgment was rendered for plaintiff for the amount claimed. The defendant appeals.

*Winslow & Wilson*, for appellant.

*Lindley & Hall*, for appellee.

DAY, J.—The court filed the following finding of facts and conclusions of law:

" That, at some time about the first of April, 1870, the defendant, E. Bowman, was boarding with one H. H. Jackson, and had been so boarding for some time previous thereto, and was at said date indebted in a considerable sum to said Jackson. Said Jackson was at said date indebted to the plaintiff herein, in the sum of $500.00 or more, and the plaintiff was pressing him for the debt. The defendant is a wagon maker, and plaintiff, being desirous of purchasing a wagon, applied to defendant, and it was then proposed that, as defendant was owing Jackson, and Jackson was owing the plaintiff, if Jackson would consent, the amount defendant was owing Jackson should be credited to the plaintiff, and should apply to that extent in part payment of the wagon, which defendant undertook to make for the plaintiff. Thereupon the three parties, plaintiff, defendant and Jackson had an interview, and it was agreed by the three, that Bowman was owing Jackson $68.00, and that, as Jackson was owing plaintiff in a greater sum than that amount, the debt due him from defendant should be applied on the debt he was owing plaintiff, and defendant then undertook to make the wagon for plaintiff at the agreed price of $120.00, and the $68.00 should apply in part payment thereon.

That in pursuance of this agreement the defendant com-menced working on the wagon, and had it about half com-pleted, when one Lufkin brought suit on a note which he had against Jackson as principal, the defendant, one Herron and another, as sureties thereon. Thereupon the defendant informed plaintiff that there was a difficulty about the note, and he expected to be garnished on the judgment then obtained, or about to be obtained against Jackson, and that he, plaintiff, could not have the wagon under the arrangement, and not until he paid him in full therefor.

Shortly after the defendant was garnished under an execu-tion issued under said judgment, and on the 25th day of July, 1870, judgment was rendered against him as garnishee for the $68.00 which he had been owing to Jackson, and defendant has paid said judgment.

The plaintiff was in nowise a party to said garnishee pro-ceedings.

The defendant refused to deliver the wagon, and the plain-tiff subsequently exchanged another wagon for the one made by defendant.

The defendant also subsequently paid some little bills the plaintiff held against him for meat, etc.

The plaintiff has since obtained a judgment against Jackson for the balance due him, in which the $68.00 was credited to him, but no contest was made in said cause. I further find that at the time said arrangement was made between the three parties as hereinbefore stated, no memorandum in writing was made of the agreement, nor was the same at the time entered upon the books of either party, but at some time subsequent thereto it was entered in plaintiff's books, Jackson there being credited with the $68.00. And as conclusions of law I find:

1. That the transaction and agreement of the parties had the effect of a novation, and operated to discharge defendant from his debt to Jackson.

2. That having been consummated, the agreement could not be annulled or revoked without the consent of all parties thereto.

3. That, by the refusal of defendant to complete and

deliver the wagon according to agreement, the plaintiff's claim became a money demand."

The facts found by the court fully justify the legal conclusions and judgment. Appellant claims that there is no 1. CONTRACT: novation because Jackson was not formally and in new parties: novation. express terms discharged; and further insists that the agreement for substitution was not actually carried into execution and accepted as satisfaction.

The court finds that the three parties were together, that they agreed that Bowman was owing Jackson $68.00, that Jackson was owing plaintiff more than that amount, that the debt due from Bowman to Jackson should be applied on the debt Jackson was owing plaintiff; that defendant agreed to make plaintiff a wagon, and that the amount defendant owed Jackson should be accredited to plaintiff in part payment of the wagon. There can be no doubt that this mutual agreement operated as a discharge of Bowman, the defendant's, debt to Jackson, and of Jackson's debt to plaintiff, to the extent of $68.00, and that the defendant, in that sum, became the debtor of plaintiff. See 1 Parsons on Contracts, 5th Edition, 217, and cases cited.

In *Tatlock v. Harris*, 3 T. R., 174, BUTLER, J., puts this case: "Suppose A. owes B. £100, and B. owes C. £100, and the three meet, and it is agreed between them that A. shall pay C. the £100, B.'s debt is extinguished, and C. may recover that sum against A. In *Heaton v. Angier*, 7 N. H., 397, the defendant bought a wagon of the plaintiff at auction, and on the same day sold it to John Chase. Chase and the defendant went to the plaintiff, and Chase agreed to pay the price of the wagon to the plaintiff for the defendant, and the plaintiff agreed to take Chase as paymaster. It was held that the debt due from the defendant to the plaintiff was extinguished. These cases are precisely like the one at bar. In neither of them was there an express agreement to discharge the first debtor, but in both of them the agreement to accept another as paymaster, and the agreement of that other to pay, effected such discharge.

The case is not within the statute of frauds. The promise

of defendant to pay plaintiff the $68.00, was a promise, not to 2. STATUTE OF pay the debt of another, but a promise, resting FRAUDS: promise to upon a sufficient consideration, to pay his own pay debt of another. debt. 1 Parsons on Contracts, 5th Edition, 221, and cases cited. *Chamberlin v. Ingalls*, 38 Iowa, 300.

Plaintiff is not bound by the garnishment proceedings. Defendant notified plaintiff that he expected to be garnished, but did not notify him that he had been garnished. It would seem that defendant, being a surety on the note on which Jackson was sued, was anxious to be garnished, and to apply the $68.00 in discharge of any liability which might attach to him as such surety. He should have pleaded the discharge of his debt to Jackson, and the incurring of a liability to plaintiff, in answer to the garnishment proceeding. He either did not do so, or else the judgment against him as garnishee was erroneous. In any event, plaintiff was not a party to the proceeding, and he is not affected by it. There is no material variance between the allegations and the proof.

The judgment is

AFFIRMED.