No. 7556.

72 315
128 249

## ANDERSON v. SPENCE.

STATUTE OF FRAUDS.—*Original Promise.—Case Overruled.*—Where A. verbally agrees to indemnify B. against all loss, if he will enter into a recognizance for the appearance of C., who is under indictment for a felony, such agreement is an original promise, and not within the statute of frauds; and B. may recover from A. upon such verbal agreement whatever loss he may sustain by reason of C.'s forfeiture of the recognizance. *Brush* v. *Carpenter*, 6 Ind. 78, overruled on this point.

SAME.—*Guaranty.—Indemnity.*—There are important differences between a contract of guaranty and one of indemnity, the former being a collateral undertaking, and the latter an original one.

SAME.—The rule is, that, if the third party is not liable, then the undertaking is not within the statute.

JURISDICTION.—*Collateral Attack upon Judgment.*—Where a collateral attack is made upon the judgment of a superior court of general jurisdiction, and the record is silent upon the subject, jurisdiction will be presumed.

From the Vanderburgh Circuit Court.

*T. J. Stott* and *R. M. J. Miller*, for appellant.
*M. W. Fields* and *W. H. Trippet*, for appellee.

ELLIOTT, J.—Mary Sullenger was indicted by the grand jury of the Gibson Circuit Court for assault and battery with intent to kill, and was in custody upon that charge. Anderson, the appellant, desired to secure her release, and procured Spence, the appellee, to enter into the usual recognizance for her appearance at the next term thereafter of the said circuit court. To induce the appellee to enter into the recognizance, the appellant verbally agreed to indemnify him against all loss, and to save him harmless from all liabilities, costs and charges. The recognizance was forfeited, and appellee compelled by process of law to pay the stipulated penalty. He sued the appellant upon his oral promise and obtained a judgment from which this appeal is prosecuted.

Appellant contends that the contract upon which the action is founded creates no liability, and in support of his con-

tention states and argues these two general propositions: 1st. There was no consideration to support the promise made to appellee; 2d. That, as the agreement was not in · writing, it is void, because it is a contract to answer for the default of another, and, therefore, within the statute of frauds.

There is nothing in the first proposition deserving discussion, and we put it aside with the remark that appellant got all the consideration he stipulated for; and he is not now in a position to make a complaint (at least with much prospect of having it heeded) of lack of consideration.

The second proposition involves an inquiry into the nature of the oral agreement upon which appellee relies. If it is an original agreement, it is not within the statute; if a collateral one, it is. The great weight of authority is, that an original agreement is not within the statute, although it may directly concern a third person, or relate to the performance of some act by one not a party to the contract. *Thatcher* v. *Rockwell*, 4 Col. 375; *Edenfield* v. *Canady*, 60 Ga. 456; *Hartley* v. *Varner*, 88 Ill. 561; *Johnson* v. *Knapp*, 36 Iowa, 616; *Smith* v. *Cramer*, 39 Iowa, 413; *Lester* v. *Bowman*, 39 Iowa, 611; *Emerson* v. *Slater*, 22 How. 28; *De Wolf* v. *Rabaud*, 1 Pet. 476; *Morrison* v. *Baker*, 81 N. C. 76; *Spooner* v. *Dunn*, 7 Ind. 81; *Crawford* v. *King*, 54 Ind. 6; *Billingsley* v. *Dempewolf*, 11 Ind. 414; *Carpenter* v. *Davis*, 6 Blackf. 367; *Nelson* v. *Hardy*, 7 Ind. 364; *Beaty* v. *Grim*, 18 Ind. 131.

The general rule, as we have stated it, is, in its terms, clear, and is well supported by the authorities, but there is much difficulty in determining what are original and what collateral agreements. The cases upon this point are much in conflict, and it is by no means an easy task to determine from them what are to be deemed original contracts. The first case in our own reports, which directly bears upon the question under discussion is that of *Brush* v. *Carpenter*, 6

Ind. 78, where it was held, "An oral promise by A. to B. to indemnify B. against loss, if he will become replevin bail for C., is void under the statute of frauds." The case was not very carefully considered, and very few of the adjudged cases seem to have been brought to the attention of the court. The case of *Brush* v. *Carpenter*, 6 Ind. 78, did not receive any direct notice from the time it was decided, except a bare reference in two cases, until the decision in *Horn* v. *Bray*, 51 Ind. 555, where it was cited and commented upon at much length, and declared to lay down an erroneous rule, the court saying: "The ruling in *Brush* v. *Carpenter* is against the current of American adjudications, and has been, in effect, though not expressly, overruled by the subsequent decisions of this State." The question in *Horn* v. *Bray*, 51 Ind. 555, was whether a verbal contract of indemnity as between sureties was valid, and it was not there necessary to expressly approve or directly overrule *Brush* v. *Carpenter*. Here we must approve or condemn. There is not a little confusion in our own cases upon the subject of what is an original and what a collateral contract, but the weight is decidedly against the doctrine of *Brush* v. *Carpenter*.

The English cases have not been at all harmonious. The old case of *Winckworth* v. *Mills*, 2 Esp. 484, held that a promise of indemnity was within the statute, but in *Thomas* v. *Cook*, 8 B. & C. 728, the contrary doctrine was declared. *Thomas* v. *Cook* was, in turn, overruled in *Green* v. *Cresswell*, 10 A. & E. 453. For a long time the doctrine of *Green* v. *Cresswell* has been viewed with disfavor, and it was, long before its overthrow, often severely censured, notably so in the cases of *Batson* v. *King*, 4 H. & N. 739, and *Cripps* v. *Hartnoll*, 4 Best & S. 414. After a long struggle, the doctrine of *Green* v. *Cresswell* was directly overthrown in *Reader* v. *Kingham*, 13 C. B., N. S. 344. In the later case of *Wildes* v. *Dudlow*, L. R., 19 Eq. Cas. 198, *Reader* v. *King-*

*ham* is expressly approved, the court saying that the case of *Thomas* v. *Cook*, 8 B. & C. 728, was decided "upon the plainest principles of common sense and justice."

While the doctrine of *Green* v. *Cresswell, supra*, was still recognized as the law of England, the courts declared that there was an important and broad distinction between the undertaking as surety in civil cases and that as bail in criminal proceedings. This doctrine is stated with clearness and force by POLLOCK, C. B., in *Cripps* v. *Hartnoll*, 4 Best & S. 414 (116 Eng. C. L. 116). This learned judge, after speaking of *Green* v. *Cresswell, supra*, said: "But there is a great distinction between that case and the present. Here the bail was given in a criminal proceeding; and, where bail is given in such a proceeding, there is no contract on the part of the person bailed to indemnify the person who became bail for him. There is no debt, and, with respect to the person who bails, there is hardly a duty; and it may very well be that the promise to indemnify the bail in a criminal matter should be considered purely as an indemnity, which it has been decided to be. Now it has been laid down that a mere promise of indemnity is not within the statute of frauds, and there are many cases which would exemplify the correctness of that decision." The English cases, therefore, establish a rule which would take the present case out of the statute, even though it be conceded that the doctrine of *Green* v. *Cresswell* should be deemed the correct one. We confess, however, that it seems to us that there was a real conflict between the doctrine of *Green* v. *Cresswell* and that of *Cripps* v. *Hartnoll*, and that the distinction attempted to be made by the latter case was simply an effort to get rid of an unsound doctrine without expressly overruling it. *Green* v. *Cresswell* was always in conflict with the English cases, and there are many of them holding, to borrow the language of the cases, "That the debt or default must be toward the promisee." *Eastwood* v. *Kenyon*, 11

A. & E. 438 ; *Fitzgerald* v. *Dressler*, 7 C. B., N. S. 374. There is no "debt or default toward the promisee" in cases where one person becomes bail for another at the request of a third. In such a case, it is impossible to conceive a debt or default as existing toward the promisee.

Long before the final overthrow of *Green* v. *Cresswell*, many, indeed most, of the American courts had accepted the doctrine, which, indeed, had never been directly challenged, either in England or America, that the debt or default must be towards the promisee, and had carried it to its logical conclusion. There are, however, many American cases holding to the doctrine of *Green* v. *Cresswell*, some of them somewhat extending it. With the downfall of the original case, the doctrine which it declared, always plainly erroneous upon principle, must, in time, be repudiated by all the courts of the land.

In *Aldrich* v. *Ames*, 9 Gray, 76, SHAW, C. J., speaking for the court, held an oral promise of indemnity made to one to induce him to become bail for another to be good. In *Holmes* v. *Knights*, 10 N. H. 175, an oral promise to indemnify a plaintiff, if he would become bail for a third person, was held not to be within the statute. Cases are cited in *Horn* v. *Bray*, from the reports of Massachusetts, Pennsylvania, Iowa, Maine, New Hampshire, Vermont, Maryland, Georgia and Kentucky, showing that a contract to indemnify is not within the statute ; and to these may be added *Vogel* v. *Melms*, 31 Wis. 306 ; *Shook* v. *Vanmater*, 22 Wis. 532 ; *Reed* v. *Holcomb*, 31 Conn. 360 ; *Sanders* v. *Gillespie*, 59 N. Y. 250 ; *Green* v. *Brookins*, 23 Mich. 48 ; *Stocking* v. *Sage*, 1 Conn. 519. The general doctrine, that a promise to indemnify the promisee for becoming surety for a person other than the promisor is not within the statute, is approved by many of the text-writers. 3 Pars. Con., 6th ed., 21 *n* ; Roberts on Frauds, 223 ; 1 Hilliard Con. 384, sec. 11, 385, sec. 12 ; Throop Verbal Agreements, sec. 361.

Our own cases have declared the same general doctrine. In *Downey* v. *Hinchman*, 25 Ind. 453, it was said that, "To make the promise collateral, the party for whom the promise is made must be liable to the party to whom it is made." In *Palmer* v. *Blain*, 55 Ind. 11, it was held that a verbal promise by one person to the creditor of an execution issued on a judgment against a third, that, if he will satisfy such execution, the promisor will make payment of the judgment in property and money, was not within the statute. *Green* v. *Cresswell* is cited with approval in *Crosby* v. *Jeroloman*, 37 Ind. 264 ; but the point involved in that case was very different from that here under discussion. The question in *Crosby* v. *Jeroloman* was whether there had been a novation, not whether the contract was an original or collateral one ; and it was rightly held that, unless the original debt was extinguished by the new promise, the case was not taken out of the statute. In *Ellison* v. *Wisehart*, 29 Ind. 32, the question and the holding were the same as in *Crosby* v. *Jeroloman*. The question in *Druly* v. *Hunt*, 35 Ind. 507, was presented by the refusal to give the jury the following instruction : "If Druly promised to guarantee or warrant the pay to plaintiff which had been promised to be paid by a public meeting, his promise was only collateral, and not binding on Druly unless in writing." It is very plain that no such question as the one involved in the present could have arisen in that case. It may be safely affirmed, without further citation, that there is no case in our own reports directly supporting the doctrine of *Brush* v. *Carpenter*, and that there are several indirectly condemning, and one, at least, censuring it in express words, and, in effect, overthrowing it.

There is, in principle, an obvious and important difference between a contract of guaranty and one of indemnity. The former is a collateral undertaking and presupposes some contract or transaction to which it is collateral. *Dole* v.

*Young*, 24 Pick. 250; Story on Promissory Notes, sec. 457; *McMillan* v. *The Bull's Head Bank*, 32 Ind. 11; *Gaff* v. *Sims*, 45 Ind. 262; *Dickinson* v. *Colter*, 45 Ind. 445; *Taylor* v. *Taylor*, 64 Ind. 356, 359. The contract, though in form a guaranty, may be so framed as to constitute an absolute and original undertaking, as was the case in *Frash* v. *Polk*, 67 Ind. 55, but even in that class of cases there is an obligation from the party whose act or contract is guaranteed, and there is also a debt, and may be default, toward the promisee. It is impossible to conceive a guaranty as existing without some act or contract guaranteed. A contract of indemnity is essentially an original one. Between the promisor and promisee there is a direct privity. Between the person to whom the promise of indemnity is given, and the person for whom the latter undertakes as surety or bail, there is no privity at all. No matter what may be done by the person for whom bail is entered, at the request of a third, he who becomes bail can not have any action, because as to the person bailed the undertaking was purely voluntary. *White's Ex'rs* v. *White*, 30 Vt. 338; *McPherson* v. *Meek*, 30 Mo. 345. The contract is an original and independent one, in which there is no debt or default toward the promisee, to which there are no collateral contracts, and in which there is no remedy against the third party. A contract of this character has long been held not to be within the statute. *Read* v. *Nash*, 1 Wils. 305; *Tomlinson* v. *Gill*, Amb. 330; *Loomis* v. *Newhall*, 15 Pick. 159; *Harrison* v. *Sawtel*, 10 Johns. 242; *Toplis* v. *Grane*, 5 Bing. N. C. 636; *Marcy* v. *Crawford*, 16 Conn. 549. The general rule running through almost all the cases is, that, if the third person is not liable, then the undertaking is not within the statute. This doctrine is exemplified in the great number of cases, which hold that a promise to answer for the debt or default of an infant or *feme covert* is not within the statute, because there is no third person

bound. *Harris* v. *Huntbach*, 1 Bur. 373; *Chapin* v. *Lap-ham*, 20 Pick. 467; *Mease* v. *Wagner*, 1 McCord, 395; *Drake* v. *Flewellen*, 33 Ala. 106; *Roche* v. *Chaplin*, 1 Bailey, 419.

It must be held, both upon principle and authority, that the cases which confuse the contracts of guaranty and indemnity, and place both upon the same footing, were erroneously decided, and that they are not to be accepted as true interpreters of the law. Among these cases is that of *Brush* v. *Carpenter*, already overruled in effect, so that nothing is now left for us to do except add the formal declaration overruling it. In *Wildes* v. *Dudlow*, *supra*, the Vice-Chancellor said: "I am surprised to find that there has been so much conflict;" and added: "I am happy to find that, the matter having been most carefully and elaborately considered in the case of *Reader* v. *Kingham*, when the full number of judges was present, the case of *Green* v. *Cresswell* was overruled, and the law as laid down by *Thomas* v. *Cook* restored." And this, we think, may fairly be taken as the expression of the feeling of the judges who have given to this long vexed question much thought.

It is insisted by appellant that the appellee voluntarily paid the money. We need not decide whether the appellee had, or not, a right to pay without compulsion by judicial process, for there was a judgment rendered at the suit of the State. Upon the point suggested, see *Beal* v. *Brown*, 13 Allen, 114; *Randolph* v. *Randolph*, 3 Rand. (Va.) 490. The objection of the appellant is that the record introduced in evidence does not affirmatively show that the appellee was served with summons, and we are referred to *Hawkins* v. *Hawkins' Adm'r*, 28 Ind. 66. That case is not at all in point; there the question was directly presented by appeal, here the attack is collateral. Where a collateral attack is made upon the judgment of a superior court of general jurisdiction, and the record is silent, jurisdiction is presumed.

Judgment affirmed, at the costs of the appellant.