WARD vs. BUSACK.

EVIDENCE: TIME TO EXCEPT: SPECIAL VERDICT. *(1) Evidence. (2) What exception must be taken before special verdict. (3) Power of judge over form of special verdict. (4) What special verdict must determine. (5) Reversal for defect of special verdict.*

1. In an action to recover for laying sewer-pipe for defendant, under a contract which required the same to be laid in accordance with certain plans and specifications, where there was no dispute that the plans and specifications had been complied with in respect to the sizes of pipe and the number of feet laid of each size, and where such numbers were not shown by the specifications, nor by the plat, except as they might be

*computed* from the latter by one knowing the *scale* used, it was not error to permit plaintiff to prove them by evidence of actual measurements on the land, made after the pipe was laid, instead of producing the plans and specifications.

2. The refusal of the court to submit a particular question, among others, for a special verdict, must be excepted to at the time; and an exception after verdict is too late.

3. The presiding judge has a right at all times to control the form of the special verdict; and his refusal to submit a particular question to the jury is not error, unless the failure of the verdict to answer such question leaves it too imperfect to support a judgment. R. S., sec. 2858.

4. It is sufficient that a special verdict disposes of all the questions of fact *litigated* in the action.

[5. Even where a special verdict omits to find a fact essential to the judgment, and not admitted by the pleadings, *it seems* that the judgment will not be reversed for such omission, if it appears that the fact was established by the uncontradicted evidence.   41 Wis., 69, 422, 541. RYAN, C. J., dissents from this last proposition, but concurs in the judgment on the ground that the special verdict disposed of all the issues in this case.]

APPEAL from the County Court of *Milwaukee* County.

Action for an amount claimed to be due to plaintiff for labor done and materials furnished under a special contract between the parties, by which plaintiff agreed to lay a "certain amount of house-drain," or sewer-pipe, according to certain plans and specifications.   There were two other causes of action stated: one for $18 for labor performed at defendant's request "in digging out a place for a catch-basin and cistern;" and the other for $3 paid by plaintiff for a permit to connect the sewer laid by him with the main sewer in the street.

The jury by special verdict answered twenty questions submitted to them.   They also found a general verdict in plaintiff's favor, assessing his damages at $80.85, with interest.   A new trial being denied, defendant appealed from a judgment rendered upon the verdict.

*S. W. Granger*, for appellant.

*R. N. Austin*, for respondent.

Ward vs. Busack.

TAYLOR, J. There are but two errors assigned by the appellant in this case:

I. That the court improperly permitted the plaintiff to show by parol evidence the length and size of the sewer pipes laid by him under his contract with the defendant; for the reason that the plans and specifications referred to in the plaintiff's contract, and according to which the work was to be done, were the best evidence of that fact.

The plans and specifications referred to in the contract are not made a part of the bill of exceptions, and it does not appear, therefore, to this court, that the length of the several sewer pipes designated on such plans and specifications was in fact stated thereon. We infer from the evidence of the architect who made such plans and specifications, that the lengths of the several parts were not stated on the face of the same, and could only be ascertained from such plans by computation. The architect, Gombert, a witness for the defendant, says: "I drew the plans and specifications; they are drawn on a scale of four feet to an inch, and each of the different sizes of pipe is shown on the plans, and where they are to be laid; and it is easy for any one acquainted with my business to figure the number of feet in making the computation of the number of feet of the different sizes used." This evidence shows that the lengths of the sewer pipes which were to be laid according to the plans, were not stated in figures on such plans, but could be computed by measuring from point to point on the plan, where it showed that the pipes were to be laid, and then calling each inch of such distance four feet.

There was no dispute between the parties but that the plaintiff had put in the sewer pipes according to the plans and specifications, except as to one piece of sixteen feet, which the defendant claims to have put in himself. It being admitted that the work was done according to the plans and specifications, and all the pipes laid as required thereby, we are of the opinion that a measurement of the actual lengths of the dif-

ferent kinds of pipe laid, after the same were laid as required by such plans, would be better evidence of the lengths of the several pipes so laid than that which could be deduced by a computation made from the plans themselves; and if the computed lengths differed in fact from the lengths as ascertained by actual measurement of the pipes laid, such actual measurement should control. The liability to mistake in computing distances from a plan on a very reduced scale would be very much greater than where the distances are actually measured from point to point of the work itself, when completed according to such plan, where no mistake has been made in completing the work according to the plan. Very slight inaccuracy, either in locating the points on the plan or in making the measurements from point to point as so located, would result in very gross errors in the computation of the distances; and these errors would be aggravated where a great number of such measurements are required to be made; but when the work is in place, and the measurements are made upon the full-sized work, there is little chance for mistake as to distances from point to point. It was not error, therefore, to allow the plaintiff to show by other proof than the plans and specifications, what lengths of pipes were laid under the contract.

It is probable that, had the court erred in this respect, the production of such plans and specifications afterwards on the trial by the defendant, and putting them in evidence for the same purpose for which it is claimed they should have been put in evidence by the plaintiff, would have cured such error.

II. It is assigned as error that, upon a demand made by the defendant for a special verdict, upon which demand he propounded a list of nineteen questions which he required the jury to answer, the judge declined to submit to them or require them to answer the eighteenth question so propounded. To this alleged ground of error it might be a sufficient answer, perhaps, to say that, as the defendant at the time took no ex-

ception to the refusal of the court to submit such question, it was too late for him to take the exception afterwards, and after the jury had rendered their verdict. The record shows that the exception to this refusal of the judge to submit the question was not taken until several days after the trial.

The general and perhaps universal rule — except where otherwise allowed by express statute — is, that all exceptions taken to any ruling upon a trial must be taken at the time of the trial, and before verdict rendered, in order to be of any avail to the party excepting; and we do not know of any statute of this state which changes such rule as to exceptions taken to the refusal of a judge to submit a particular question to the jury as a part of a special verdict.

The presiding judge has the right in all cases to control the form of the special verdict, and no refusal on his part to submit a particular question for their answer would be a ground of error, unless the submission of such question is absolutely a necessary part of the special verdict, so that the want of an answer to it would leave the verdict so imperfect that no judgment could be rendered thereon. Sec. 2858, R. S. 1878. From our knowledge of the nature of the special verdicts which have come under the consideration of this court, we believe we are justified in saying that the tendency of some of the profession, in making use of the law which requires that a special verdict shall be rendered whenever demanded, to abuse it by demanding that the jury shall answer an infinite series of questions, the object and tendency of which is to confuse, embarrass and confound the jury, instead of eliciting the facts upon which the rights of the parties depend, needs the restraining hand of the judges presiding at the circuits; and that this court will take pleasure in sustaining such judges in every proper effort to make a special verdict a concise statement of the real facts at issue in the case.

The following is the question which the judge refused to submit in this case, and the refusal of which is assigned as error:

" 18. Of the sewer pipe that was purchased and laid by the plaintiff, and which he contracted with the defendant to furnish and lay, what is the number of feet of each of the different sizes of pipe which the plaintiff did lay on the inside, and what the number of feet of each of the different sizes of pipe which he laid on the outside of the buildings?"

By an examination of the seventeen questions preceding this, it will be seen that the jury had been required to answer with the utmost detail as to the number of feet of each kind of pipe which the defendant had employed the plaintiff to furnish and lay, both inside and outside of the buildings, and also, in equal detail, how many feet of each size of pipe had, according to the plans and specifications, to be furnished and laid by the plaintiff; then this eighteenth question is added, requiring the jury to answer how much pipe was in fact furnished and laid by the plaintiff under his contract with the defendant, giving the length in feet of each size on the inside of the buildings, and giving the like number of feet of each size on the outside of the buildings.

The court, we think, under the pleadings and evidence in this case, very properly refused to permit the counsel for the defendant to further cross-examine the jury by requiring an answer to this eighteenth question.

It is urged that the special verdict does not show, as it now stands, how much work was in fact done by the plaintiff under his contract with the defendant, and for which he was entitled to demand pay; that it simply shows how much he was employed by the defendant to do, and how much he was required to do according to the plans and specifications. We do not think there is any force to the objection. The jury did find how much had been paid by the defendant for the work done, and how much was still due from him and unpaid, and the answer admitted, and the evidence conclusively showed, that the plaintiff had done all the work he had contracted to do, and all he was required to do according to the plans and speci-

fications, except as to sixteen feet of pipe which the defendant put in himself. The answers, therefore, to the questions previously propounded would necessarily show how much work he had in fact done; and there is, therefore, no good reason apparent for requiring the jury to answer this proposed eighteenth question.

The real questions litigated on the trial of this case were not whether the plaintiff had done all the work he had agreed to do by his contract with the defendant, and which he was required to do by the terms of the plans and specifications referred to in such contract. These facts were admitted and not contested on the trial by the defendant; but the questions litigated were, what was the amount and value of the work so required to be done. The plaintiff contended that, by the terms of their contract and of the plans and specifications, he was to do a certain quantity of work; and the defendant contended that the quantity of work to be done was less than that claimed by the plaintiff; but he did not claim that the work required by the contract to be done had not been done, except as to the sixteen feet of pipe above mentioned. The points litigated were properly submitted to the jury and fully answered, and these answers dispose of all the litigated issues in the case. A special verdict which disposes of all the litigated issues in an action is sufficient. What is admitted by the pleadings need not be found in the verdict. And it is held by this court that if a special verdict does not find upon a question of fact not admitted by the pleadings, which it is necessary should be found in favor of the party for whom judgment is entered, in order to sustain such judgment, such omission in the special verdict will not be error for which the judgment will be reversed, if it appears from the bill of exceptions that the uncontradicted evidence in the case establishes such fact in favor of the party for whom such judgment was entered. *McNarra v. The Chicago & N. W. Railway*

*Co.*, 41 Wis., 69; *Hutchinson v. Same*, id., 541, 553; *Williams v. Porter*, id., 422–430.

Applying the rule above stated to this case, the facts found by the special verdict, and those established by the uncontradicted evidence, fully sustain the judgment entered in favor of the plaintiff. The special verdict shows with exactness how much work the plaintiff was required to do by the terms of his contract; and the undisputed evidence and admissions of the defendant show with equal certainty that he did all the work required to be done by him under such contract. If it be true, as insisted, that the special verdict does fail to find as a fact the amount of work done by the plaintiff under his contract, it is helped out by the uncontradicted evidence in the case upon that question.

The objection that the defendant should have been allowed ten dollars for work done by him, is fully answered by the fact that the plaintiff remitted a much greater sum than ten dollars from the verdict found by the jury in his favor, and took judgment only for the amount of the verdict less the sum so remitted.

On the whole record we find no error in the proceedings in the court below for which the judgment ought to be reversed.

The judgment of the county court must be affirmed.

RYAN, C. J. I concur in this judgment. The special verdict disposed of all the issues in the case, and the question which the learned judge of the court below refused to put, was supernumerary.

But I cannot give my assent to the *dictum*, that the court may eke out the failure of a special verdict to pass on all the issues, by holding that the evidence on the question omitted appears to the court to be uncontradicted and satisfactory. That is invading the province of the jury, and violating the

rule that a verdict must pass upon all the issues. *Heeron v. Beckwith*, 1 Wis., 17, and cases cited in the note of Vilas & Bryant.

The learned justice who writes the opinion of the court cites in support of the *dictum* three cases in 41 Wis. Those cases were determined in my absence, and they appear to proceed on no authority. They are more or less in conflict with many well considered cases in the court. And it is to be hoped that they will not be followed.

It is essential to the right administration of justice, that a sharp line should always be drawn between the functions of the jury and the functions of the court. And I fear that, among the many laxities induced by the code, there is a tendency to relax this rule, creating vicious confusion of function. See the late cases of *State v. Castle*, 44 Wis., 670, and *Cottrill v. Cramer*, *post*, p. 488. In the former, the court took from the jury a question of fact, and in the latter submitted to the jury a question of law.

*By the Court.* — The judgment of the county court is affirmed.