AULT vs. WHEELER & WILSON MANUFACTURING COMPANY.

*January 18 — February 7, 1882.*

VERDICT.    *(1) What questions to be submitted for special verdict.    (2) Special and general verdicts.*

CONVERSION: DEMAND.    *(3, 4) When proof of demand necessary in action for conversion.*

AMENDMENT:    *(5) Of complaint after verdict.*

1. Questions of fact not controverted by the pleadings and evidence need not be submitted, where a special verdict is demanded.
2. Where there is a special verdict covering all material controverted issues, the taking of a general verdict consistent therewith is not error.
3. Where property is taken from the owner's home and possession upon authority of his wife only, and there is no evidence of her authority as agent for her husband in that behalf, *quære* whether an action for the value of the property will not lie without any *demand*.
4. In such an action, an answer alleging title in defendant would, if standing alone, operate as a waiver of a demand; but if there is also a general denial, perhaps, on failure to show a *tortious* taking, it might be necessary for plaintiff to show a demand before suit brought. In this case, however, a demand was conclusively proven.
5. The granting or refusing of leave to amend an answer after verdict is much in the discretion of the court; and where the question of fact sought to be raised by an amendment has been virtually determined against the defendant by special verdict, there is no error in refusing leave to amend.

APPEAL from the County Court of *Winnebago* County. The case is thus stated by Mr. Justice TAYLOR:

"This was an action to recover the value of a sewing machine owned by the plaintiff, and which, it was alleged, had been converted by the defendant. The action was commenced in justice's court, and appealed to the county court of Winnebago county; and from the judgment in that court an appeal is taken to this court. The pleadings and evidence both show that the sewing machine in controversy was the property of the plaintiff at the time it came to the possession of the defendant company. The company claims title to it by

Ault vs. Wheeler & Wilson Manuf'g Co.

virtue of an exchange made by the wife of the plaintiff with the company for a new machine. The company, at the time of the trade with the plaintiff's wife, took a bill of sale from her for the machine in question, and the price agreed upon was applied in part payment for a machine which the company at the same time sold to the plaintiff's wife. The answer of the defendant, after admitting the fact of its being a corporation, (1) contains a general denial; (2) denies the ownership of the plaintiff, and alleges ownership in the defendant; (3) avers that the defendant purchased the machine of the plaintiff through his agent, the plaintiff's wife, in good faith and for a valuable consideration, and that the plaintiff authorized and sanctioned the sale; and (4) denies that the plaintiff demanded the property from the defendant before the commencement of the action.

"After the evidence was all taken, the defendant's attorneys demanded that the jury render a special verdict, and asked the court to submit for such special verdict thirteen questions which they had prepared and submitted to the court for that purpose. The court refused to submit the questions so prepared, and the counsel for the defendant excepted to such refusal. The court then prepared the following questions, and submitted them to the jury for their verdict: (1) At the time the contract was made between the plaintiff's wife and the defendant's agent, had the plaintiff any knowledge or information of the terms of the bargain between them? (2) Did the plaintiff, by his subsequent acts, ratify or assent to the sale made by his wife of the machine in controversy, under the terms of the contract? (3) What was the market value of the machine in controversy when it was taken by the defendant? The attorneys for the defendant excepted to the submission of these questions for special verdict — *first*, because the questions do not dispose of all the controverted facts litigated on the trial and material to the issue; and *second*, because said questions do not dispose of all the controverted

facts put in issue by the pleadings, and such as might properly be put in issue material thereto.

"To the first and second questions submitted to them, the jury answered, 'No;' to the third question they answered '$30.' They also found a general verdict for the plaintiff, and assessed the damages at $30."

From a judgment rendered in plaintiff's favor pursuant to the verdict, the defendant appealed.

For the appellant there was a brief by *Crozier & Tyrrell*, and oral argument by *Mr. Tyrrell*.

For the respondent there was a brief by *Houghton & Pors*, and oral argument by *Mr. Houghton*.

TAYLOR, J. The learned counsel for the appellant have filed a very elaborate brief in this case, and have very ably discussed several propositions of abstract principles of law, which were not considered by the learned county judge on the trial, because in his view of the evidence in the case they were not controverted facts. Among these propositions are three which the learned county judge withheld from the jury for the reason either that they were conclusively established by the evidence, or because there was no evidence to support them. Upon two of these questions—*first*, as to the ownership of the property in controversy, and *second*, as to the demand of the same from the defendant before suit brought,—the learned county judge held that there was no conflict in the evidence, and that both were clearly established; and upon the question as to whether the wife of the plaintiff was his authorized agent to sell or exchange the property, he held there was no evidence in the case to establish that fact. After a careful examination of the evidence found in the record, in connection with the issues formed by the pleadings, we are of the opinion that the learned county judge was right in holding as he did upon these questions. We are inclined to think that the learned counsel for the defendant, at the time of the trial, concurred

in the views taken by the county judge upon the question of ownership, and upon the question of the agency of the wife at the time of making the exchange, for the reason that we do not find in the thirteen questions which he proposed for a special verdict any one which asks the jury to pass upon these questions, or either of them. We find, however, that the defendant did ask to have the question of a demand submitted to the jury. We have some doubt whether a demand was necessary, in the absence of proof of any authority on the part of the wife to deliver the property to the defendant.

The property was taken from the house, and in law from the possession of the plaintiff, without any authority except that of his wife, and her authority is not proved on the trial. Under such circumstances it is probable that the taking was wrongful; but, admitting that the original taking was not tortious, we think, with the learned county judge, that the demand and refusal or neglect to deliver was conclusively proven on the trial. The answer of the defendant clearly shows that it claimed title to the property in hostility to the plaintiff's right, by pleading property in itself by a sale from the plaintiff through his agent. This answer, if standing alone, would do away with the necessity of any demand. It would in itself be evidence of a conversion, as against the right of the plaintiff, unless established by the proofs on the trial; but as the answer contained a general denial, and a denial that any demand of the property was made before suit brought, if the evidence failed to show a tortious taking, it would probably be necessary to show a demand of the property before suit brought. Without reciting the evidence as to the demand and refusal, we think the proof upon this point was conclusive, and the county court did not err in so holding.

The ownership of the property, the want of authority, at the time of the sale made by the plaintiff's wife, to make such sale, and the demand, being established beyond controversy, the only other questions in the case were, whether the plaintiff,

after the sale made by his wife, had ratified the same, and the value of the property; and these questions were submitted to the jury. The other question submitted went to the question of ratification. If, at the time the contract was made between the plaintiff's wife and the defendant's agent, the plaintiff had knowledge or information of the terms of the bargain between them, his omission to notify the defendant of his dissent to the trade for several weeks would be very strong evidence tending to show his acquiescence in the trade — much stronger than if he had no knowledge of its terms, or if he had been misinformed as to the terms. It is probable, if the jury had answered this question in the affirmative, the court would, as a matter of law, have held that his omission to notify the defendant of his dissent for several weeks, and permitting his wife during all that time to keep and use the machine taken in exchange, was a ratification of the trade made by her.

This court having held that only the controverted facts need be submitted to the jury for a special verdict ( *Hutchinson v. Railway Co.*, 41 Wis., 553; *Williams v. Porter*, id., 422; *McNarra v. Railway Co.*, id., 69; *McHugh v. Railway Co.*, id., 79; *Ward v. Busack*, 46 id., 407; *Eberhardt v. Sanger*, 51 id., 72), we are of the opinion that the three questions submitted covered the whole case, and that there was no error in refusing to submit the questions prepared by the defendant.

We are at a loss to see how defendant is prejudiced by the fact that a general verdict was also taken by the court. The general verdict is not inconsistent with the special, and the special verdict covers all the controverted issues in the case. If there be any irregularity in taking a special and general verdict in the same case, it can only arise in a case where the special verdict does not dispose of all the controverted facts, and where it becomes necessary to help out the special verdict by a resort to the general one.

There was no error in refusing the amendment to the answer offered by the defendant. In the first place it was a

matter somewhat in the discretion of the trial court, whether it would permit an amendment at that stage of the trial; but in addition to that it seems to us that the question sought to be raised by the amended answer was, in fact, tried and submitted to the jury for their consideration, by the question which directed them to find whether the plaintiff had ratified the contract made by his wife, by his subsequent acts or assent to the sale made by her. If he had done such acts of omission or commission as would estop him from avoiding the contract made by his wife, such acts would amount to a ratification of her contract, and he would be bound by it. The defendant could not have been prejudiced by the refusal to allow the amended answer.

We think there was no error in refusing to instruct the jury that the plaintiff could only recover the market value of the machine. The property in question was of a kind for which there was no market value, in the strict sense of the word, and the true question for the jury was its intrinsic or real value. That value had been proven by men skilled in the knowledge of the value of such property; and such evidence was, in our opinion, the best evidence which could be furnished on that point.

On the whole, we think the case was fairly tried, and submitted to the jury under proper instructions from the court, and that the verdict is supported by the evidence.

*By the Court.*—The judgment of the county court is affirmed.