WEISEL and another vs. SPENCE.

*December 15, 1883 — January 8, 1884.*

*(1–3) Statute of frauds: promise to pay debt of another: benefit to promisor. (4) Special verdict.*

1. An oral promise to pay the debt of another in consideration of the release of a lien on his property, if made with the view and the result of obtaining for the promisor a benefit from such release, is not within the statute of frauds, although the original debtor is not released from liability.
2. A benefit is obtained by the promisor, in such a case, where the lien released is for the construction of a machine upon which, before it was in existence, the debtor had given a chattel mortgage to the promisor.
3. A promise to pay for future work, etc., for another is not within the statute if the credit is given to the promisor and not to the person for whom the work is done.
4. The refusal to submit for a special verdict questions which, upon the evidence, could have been answered only in favor of the successful party, will not work a reversal of the judgment.

APPEAL from the County Court of *Milwaukee* County. The case is thus stated by Mr. Justice TAYLOR:

"Action to recover the amount of a bill for materials furnished and work and labor performed upon a carpenter's combination work-bench. The answer was a general denial. The defense set up on the trial was that the materials furnished and work done were furnished and performed by the plaintiffs for one Gustav Boettcher, and not for the defendant, which allegation was in part sustained by the evidence.

" On the trial Boettcher testified that the plaintiffs refused to do any work on the machine or furnish any materials therefor at his request, and that before any work was done he introduced *Spence* as the person who would pay for the materials and work, and that *Spence* then promised the plaintiffs to pay them for the work and materials for

the machine, and that it was understood by the parties that the plaintiffs were not to look to him, Boettcher, for any pay therefor. The weight of the evidence is, we think, against this statement of the case made by Boettcher, and sustains the finding of the jury, that Boettcher brought the machine to the plaintiffs to get the work done and materials furnished; and that after part of the work was done and materials furnished they refused to deliver any part of the machine to Boettcher unless they were first paid; and thereupon *Spence* was introduced to them by Boettcher, and *Spence* then promised to pay the plaintiffs for their work and materials if they would deliver the machine to Boettcher; and that in consideration of such promise of the defendant they did afterwards deliver the machine to Boettcher without receiving any pay therefor from him.

"The evidence also showed that this machine was a new invention of Boettcher's; that *Spence* had lent Boettcher $100 to help him in the construction of a model machine to put into the exposition at Milwaukee; and to secure the payment of the $100 *Spence* had taken a chattel mortgage on such machine. It further appeared that *Spence* and Boettcher had entered into an agreement to form a copartnership for the construction of such machines, such copartnership to be formed at a future day, with a proviso that *Spence* might decline to enter into such partnership upon giving written notice to Boettcher that he elected to do so. The chattel mortgage, as well as the copartnership agreement, were in full force and unrevoked at the time it is claimed *Spence* promised to pay the plaintiffs for their work and materials if they would deliver the machine to Boettcher without payment therefor; and the machine was so delivered to Boettcher while said mortgage and contract were still in force.

"The plaintiffs recovered, and the defendant appeals to this court."

*Geo. P. Miller*, of counsel, for the appellant.

For the respondents there was a brief by *Austin & Runkel*, and oral argument by *Mr. Austin*.

TAYLOR, J. The appellant insists in this court that no recovery can be had against him by the plaintiffs for the work done and materials furnished in the construction of said machine, because the promise to pay proved on the trial was a promise to pay the debt of another, and, not being in writing, is void under the statute of frauds. It may be admitted upon this appeal that the evidence establishes the fact that the respondents did, in the first instance, undertake to do the work and furnish the materials for the machine in question at the request of Boettcher, and that the credit in the first instance was given by them to Boettcher, so far as they gave credit to anyone; but the evidence shows, beyond dispute, that after some of the work was done and materials furnished, Boettcher desired to obtain the machine, or some parts thereof, then in the possession of the respondents, and that the respondents refused to deliver the same to Boettcher unless he first paid for the work done and materials furnished. This they, as machinist and manufacturer, had the right to do, as they had a lien upon such machine for the work done and materials furnished. Both parties agree as to this. In this situation of affairs, *Spence*, the appellant, is brought forward, and in order to induce the respondents to deliver the machine to Boettcher without payment for their work done and materials furnished, he then promises the respondents to pay them for such work and materials furnished if they would deliver the machine to Boettcher without his making payment therefor; and in consideration of such promise the respondents waived their lien upon the machine and delivered it to Boettcher. That Boettcher was liable to the respondents for such work and materials up to the time the appellant promised to pay for the same, there

can be but little doubt; and there is nothing in the evidence, except in that of Boettcher, which shows that they ever released their claim upon him. ·

The promise of the appellant as to that part of the respondents' claim was in one sense a promise to pay the debt of another; and the only question is, whether the promise was made upon some new consideration between the respondents and appellant which takes the case out of the statute. That there was a new consideration is evident. The respondents, in consideration of the appellant's promise, released their mechanic's lien upon the machine. It is clear that such a release of lien, as between the parties, was a sufficient consideration to support a promise of payment on the part of the appellant, and if the contract had been in writing, it would have been a good contract, supported by a sufficient consideration. Still, the weight of authority is that if there was no other consideration for the promise, and the release of the lien upon the property was not beneficial to the appellant, such promise to pay, unless in writing, would be void under the statute. *Young v. French,* 35 Wis., 116; *Clapp v. Webb,* 52 Wis., 641; *Hoile v. Bailey,* 58 Wis., 434; *Emerick v. Sanders,* 1 Wis., 77; *Dyer v. Gibson,* 16 Wis., 557; *Wyman v. Goodrich,* 26 Wis., 21; *Shook v. Vanmater,* 22 Wis., 532; *Vogel v. Melms,* 31 Wis., 306. In these cases this court has substantially concurred with the majority of the court in *Mallory v. Gillett,* 21 N. Y., 413. The rule, as settled by these cases, is that if the original debtor is not released from liability, a promise by a third person to pay the debt in consideration that the creditor will release a lien which he holds upon the property of the debtor, when no benefit accrues thereby to such third person by such release, is within the statute, and void unless in writing. In all such cases it is well said that it clearly appears that the promise of the third person is a collateral promise, and that he simply intends to become a surety for the original debtor. These cases also

establish with equal clearness the other proposition, that if the third person, making such promise to pay, derives a benefit to himself by the release of the creditor's lien, and the promise of payment is made with a view of obtaining such benefit to himself by such release, then the promise is not within the statute. *Young v. French, Clapp v. Webb, Dyer v. Gibson,* and *Hoile v. Bailey, supra.*

In *Young v. French* this court held "that the promise of one person, though in form to answer for the still subsisting debt of another, if founded on a new and sufficient consideration moving from the creditor and promisee to the promisor, and beneficial to the latter, is not within the statute of frauds." In that case Young had a claim against M. B. & Co. for work and labor, and a lien upon certain saw-logs for the amount of his claim. The defendant agreed to become individually responsible for the plaintiff's claim, and agreed to pay it on a day fixed, if Young would forbear to sue or desist from enforcing his lien. The present chief justice, in his opinion, says: "The promise was founded on a new and distinct consideration, moving from the plaintiff to the defendant. The defendant was in possession of the logs under the agreement, and he was directly interested to the extent of his commissions in retaining the possession and in disposing of the timber manufactured from them. If the logs or any portion of them should be taken from his possession and control by the plaintiff to satisfy his lien, his commissions would be correspondingly diminished. It was a benefit and advantage to the defendant that the plaintiff should not enforce his lien and take the property out of his possession. . . . This plaintiff was induced to relinquish his lien upon the promise of the defendant to pay the debt. And that promise, though in form it was to pay the debt of M. B. & Co., yet was founded upon a new and valuable consideration, moving from the plaintiff to the defendant, and beneficial to the latter. It was a matter of personal interest

and profit to the defendant to retain possession of the property which the plaintiff was about to seize under his lien proceedings. And in consideration that the plaintiff would relinquish that proceeding and leave the logs in his possession, he made the promise. . . . In that case the undertaking of the defendant was not collateral to the promise of M. B. & Co., but was an original contract, founded upon a sufficient consideration arising directly between him and the plaintiff."

It seems to us that this case is decisive of the question presented by the case at bar, so far as the appellant's promise to pay relates to that part of the respondents' work done and materials furnished previous to the making of the promise by appellant. By delivering the machine to Boettcher they released their lien. And it seems to us very clear that the appellant derived a benefit from such release, and that his promise to pay was made with a view of obtaining such benefit. In the first place he claimed at least to have a chattel mortgage on such machine, and, whatever may have been his legal rights under such mortgage, it is evident that, as between himself and Boettcher, he considered his claim as mortgagee a valid claim. If it were admitted, as claimed by the counsel for the appellant, that no part of the machine was in existence as a machine when the mortgage was given (a matter which is not clearly established by the evidence), still, as between the parties, the mortgage could be made to attach to the property by a delivery thereof by the mortgagor to the mortgagee. It was clearly the interest of the appellant, therefore, that the machine should be delivered to Boettcher, the mortgagor, so that he might, by delivery to the appellant, perfect his mortgage claim. *Chynoweth v. Tenney,* 10 Wis., 398, 405, 407; *Hunter v. Bosworth,* 43 Wis., 583, 591. But the appellant had a further interest in having the machine delivered to Boettcher. There was a pending agreement between him and Boettcher

to enter into a partnership for the manufacture of the machines; and in order to determine whether it would be wise for him to consummate such contract it was very important that the machine should be put on exhibition at the exposition then soon to be held in the city of Milwaukee. He was, therefore, interested in getting the same out of the possession of the respondents, and either in his own possession or the possession of Boettcher, for that purpose. The evidence clearly establishes his personal interest in the release of the respondents' lien and in the delivery of the possession thereof to Boettcher or himself. We think the case is clearly within the case of *Young v. French, supra,* and that the respondents were entitled to recover upon that part of their account for the reasons above stated.

There was evidence in the case tending to show that the appellant promised to pay for the work and materials thereafter done and furnished by the respondents in consideration that they should waive their mechanic's lien and deliver the machine on the request of Boettcher. Whether the promise to pay for such work and materials to be performed and delivered in the future is within the statute, or whether it is an original promise, depends upon the question as to whom the future credit was given to. If given to the appellant and not to Boettcher, then the promise is binding upon appellant. Upon this question there can be no doubt upon the evidence. Boettcher, as well as the respondents, swear that no credit was given by respondents to Boettcher, and the fact that they refused to let him have any part of the machine unless their claim was first paid or secured in some way is quite conclusive that the work which was done after the appellant's promise to pay, and upon the understanding that their lien should be and was waived and the machine be delivered to Boettcher without payment in advance, is amply sufficient to sustain a finding that such work was done on the credit of appellant. *Champion v. Doty,* 31 Wis., 190; *Thayer v. Gallup,* 13 Wis., 539; *Hall v. Wood,* 3 Pin., 308.

We think there was no error in permitting the respondents to give in evidence the chattel mortgage above referred to. The evidence was pertinent as tending to prove the appellant's interest in having the machine released from the respondents' lien for their labor and materials, and so tended to establish the liability of appellant on his oral promise to pay the respondents.

The learned counsel for the appellant claim that a new trial should have been granted because the special verdict does not dispose of every controverted issue in the case. It is insisted that there are important issues that the jury should have passed upon which were not submitted to them by the court, viz.: *First*, that in order to hold the appellant liable upon his promise it was important that the jury should find that he made the promise in view of the benefit which would result to himself by the improvement of his security on his chattel mortgage; and, *second*, that as to the work done after the promise to pay was made, it was important that the jury should find to whom the credit was thereafter given. These are undoubtedly important questions in the case, but as neither party requested the court to submit them to the jury, the omission of the court to do so should not reverse the judgment, if the evidence given on the trial shows that they must have been necessarily found in favor of respondents, and, as we have stated above, the proofs upon both propositions are clearly in their favor. The only question proposed by the appellant having any bearing upon these points is the one numbered 6, which is as follows: "If the defendant *Spence* agreed to pay for the work and labor done and materials furnished in the construction of said machine, did any consideration pass from the plaintiffs to the defendant, *Spence?* and if yes, what was that consideration?" This question was not submitted, probably because there was no dispute on that point. The evidence shows beyond a doubt that the only consideration so passing between the parties was the release of their lien by the deliv-

ery of the machine to Boettcher without payment. The answer to this question would not have disposed of either of the two propositions above stated, and would in no manner have improved the special verdict. The neglect or refusal to submit questions to the jury in a special verdict which upon the evidence could receive but one legitimate answer, and such answer sustains the judgment rendered in the case, is not such an error as will reverse the judgment. *Ward v. Busack,* 46 Wis., 407; *McNarra v. C. & N. W. R'y Co.,* 41 Wis., 69; *Hutchinson v. C. & N. W. R'y Co.,* id., 541; *Williams v. Porter,* id., 422, 430; *Schultz v. C., M. & St. P. R'y Co.,* 48 Wis., 375, 378-9; *Fick v. Mulholland,* 48 Wis., 413, 417; *Berg v. C., M. & St. P. R'y Co.,* 50 Wis., 419; *Ault v. W. & W. Manuf'g Co.,* 54 Wis., 300; *Pool v. C., M. & St. P. R'y Co.,* 56 Wis., 227.

*By the Court.*— The judgment of the county court is affirmed.