CHICAGO & NORTHWESTERN RAILWAY COMPANY

v.

FRED BOUCK.

*Railroads—Personal Injury—Crossing—Ordinary Care—Obligation to Look and Listen—Special Finding—Evidence—Instructions.*

1. In an action for damages for a personal injury, the ultimate facts of care or negligence are questions for the jury, and they should not be instructed by the court as to what acts constitute either.

2. No repetition by courts of review, that certain evidence does or does not sustain the verdict finding care or negligence in the particular case, make the conclusions of fact arrived at by such courts and the language in which they express such conclusions, doctrines of law for other cases.

3. A special verdict is a special finding of facts inconsistent with the general verdict that is to control it, and no question the answer to which can not have that effect can be material.

4. This court condemns the practice of requiring juries to find specially upon an unreasonable number of interrogatories.

[Opinion filed May 8, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding.

Messrs. W. C. GOUDY and W. B. KEEP, for appellant.

Messrs. CAMERON & HUGHES, for appellee.

Counsel complain that the court, from twenty-eight questions proposed by appellant and a number submitted by us, (which they saw before the argument), should have selected nine for the consideration of the jury. Taking those asked by defendant below, Nos. 1, 10, 20, 21, 14 and 15, as they are arranged in this record, were given in Nos. 7, 2, 5, 6, 8 and 9, as sent to the jury. No. 9 as asked by the defendant was in substance identical, in form deficient, as compared with No. 1 submitted to the jury as prepared by us. Nos. 3 and 4 as given to the jury were presented by us to the defendant's counsel before argument, and were submitted by the court to

be passed on by the jury.   So that appellant submitted twenty-eight questions to the court and the court required the jury to pass on seven of theirs, and gave two not asked by them. They were all that were material or pertinent to the controlling facts of the case.

We are not aware of any decision by our Supreme Court as to the number of special findings that may be required from a jury, but there must be a limit.   The true rules to be applied to the number of these special questions would seem to be analogous to the rules laid down as to instructions.   They are simple, plain and easy of comprehension.

It is proper to refuse an instruction essentially embraced in others already given.   T. W. & W. R. R Co. v. Maine, 67 Ill. 298.

Instructions which single out a few of many circumstances of a case, and call special attention of the jury to their consideration are objectionable.   Hewett v. Johnson, 72 Ill. 513; Chittenden v. Evans, 41 Ill. 251; Protection Life Ins. Co. v. Dill, 91 Ill. 174.

So of a fact which has no direct bearing on the real facts of the case.   Drohn v. Brewer, 77 Ill. 280; Hatch v. Marsh, 71 Ill. 379.

They should, in a clear, concise and comprehensive manner, inform the jury as to what facts must be found to recover or bar a recovery.   Moshier v. Kitchell, 87 Ill. 18.

Instructions, prolix, numerous, voluminous and containing an argument are improper.   R. Ins. Co. v. Nelson, 75 Ill. 548; S. Cemetery Ass'n v. Smith, 24 Ill. 480.

Where the series of instructions given fairly cover the law of the case, a refusal to give a correct instruction, which could not have changed the result, will not reverse.   Cusick v. Campbell, 68 Ill. 508.

Considering these rules and the statute as to such findings, the court here will see that the court below gave every one that applied to a material fact under issues as made by the pleadings.

It can not be that a jury, by their special findings, must settle every controverted fact.   It is only material facts that

should be so settled.   A fact may be controverted, and yet be immaterial in arriving at a just verdict.

In answer to the criticism on our instructions as given, we refer the court to  Garland v. C. & N. W. Ry. Co., 8 Ill. App. 571; C. & W. D. Ry. Co. v. Klauber, 9 Ill. App. 613; Wabash Ry. Co. v. Henks, 91 Ill. 406; I. C. R. R. Co. v. Benton, 69 Ill. 174.

GARY, J.   This was an action  to recover damages for personal injuries suffered by the appellee at a railroad crossing of a street in Chicago as stated in  the brief of appellants. " The questions in this case arise upon the decisions of the court in refusing to require the special findings as requested by the defendant, in submitting certain questions  to the jury, and in giving and refusing the instructions."

The questions actually submitted by the court to the jury are conceded to have been  proper  except this : " Was the plaintiff using ordinary care  at the time of the injury complained of?" which, it is said in the brief, is more a question of law than of fact, and it is but a conclusion based upon other necessary facts to be proven in the case.   But it is the settled law of this State that the ultimate facts of care or negligence are to be found by a jury, and the court is not to tell the jury what acts constitute either.   Penn. Co. v. Frana, 112 Ill. 398;   Chi. & A. R. R. v. Pennell, 94 Ill. 448;  Schmidt v. Chi. & N. W. Ry., 83 Ill. 405.

And no repetition by courts of  review,  that  certain  evidence does or does not, sustain the verdict finding care or negligence in the particular case, make the conclusions of fact arrived at by such courts and the language  in which they express such conclusions, doctrines of law for other cases.   Fairbury v. Rogers, 98 Ill. 554.   Or even for a second trial of the same case.   Chicago & N. W. Ry. v. Moranda, 108 Ill. 576. It is also objected that it is not made a  part of the  question whether the ordinary care was for the personal safety of the appellee; not that this omission makes the question erroneous, but useless.   The appellants asked the  court to submit to the jury twenty-eight questions.   To do justice to their argument it is quoted as follows :

" A statute enacted by the legislature of 1887 provides that a jury, in any case in which they render a general verdict, may be required by the court, and must be required on the request of any party to the action, to find specially upon any material question or questions of fact which shall be stated to them in writing, which questions of fact shall be submitted by the parties requesting the same to the adverse party before the commencement of the argument to the jury. The statute provides that submitting or refusing to submit to the jury, when requested by a party as provided by the preceding section, may be excepted to and be reviewed on appeal by writ of error as a ruling on a question of law. The statute further provides that when the special finding of fact is inconsistent with the general verdict, the former shall control the latter and the court may render judgment accordingly. Laws of 1887, 185.

"The rule requiring a special verdict upon particular questions of fact exists in several other States. Its object is manifest. When a jury are permitted to render a general verdict without giving any reasons, the largest latitude is afforded for unjust verdicts. These provisions are intended as a restraint upon the passions and prejudices of the jury. It is therefore made the duty of the court, on the request of a party, to find specially upon any material question of fact, so as to restrain a jury from the dangers of influences which ought not to enter into their consideration. In order to give full effect to this statute, every question of fact material for reaching a conclusion as to a verdict for or against the plaintiff ought to be submitted to the jury. The more minute these questions, the greater protection there is to the rights of the parties.

" The only justification for a refusal of the court to submit any question proposed by a party as to any fact, is that such fact would be immaterial for the consideration of the jury. In such a case the evidence ought to be excluded. If the evidence is allowed to go to the jury at all, then the court ought to require an answer specific as to the fact, when requested in writing by the party. In the case at bar, where there was such conflicting evidence, and probably where some

of the witnesses were knowingly swearing to falsehoods, there was a peculiar propriety in presenting minute and numerous questions to the jury."

If the purpose of the statute be to catechise the jury, and require them to state the process of reasoning by which they have reached a verdict, it is a revolution. The whole ancient theory of trial by jury is gone. A jury is the only deliberative body that can reach a decision only by being unanimous. Supreme Courts decide by a majority, and judges who concur in the result, often differ as to the reasons. The Supreme Court of Wisconsin said ten years ago in Ward v. Busack, 46 Wis. 407, where, under a similar statute, only nineteen questions were put to the jury, "the presiding judge has the right in all cases to control the form of the special verdict, and no refusal on his part to submit a particular question for their answer would be a ground of error, unless the submission of such question is absolutely a necessary part of the special verdict so that the want of an answer to it would leave the verdict so imperfect that no judgment could be rendered thereon." They cite their statute, to which I have not access, and proceed: "From our knowledge of the nature of the special verdicts which have come under the consideration of this court, we believe we are justified in saying that the tendency of some of the profession, in making use of the law which requires that a special verdict shall be rendered whenever demanded, to abuse it by demanding that the jury shall answer an infinite series of questions, the object and tendency of which is to confuse, embarrass and confound the jury, instead of eliciting the facts upon which the right of the parties depend, needs the restraining hand of the judges presiding at the circuits, and that this court will take pleasure in sustaining such judges in every proper effort to make a special verdict a concise statement of the real facts at issue in the case." If this was their view in a case where nineteen questions were asked, what would they have said in such a case as the A. T. & S. F. R. R. Co. v. Cone, 37 Kansas, 567, cited by these appellants as authority in the Dunleavy case, last term, where one hundred and thirty-six were asked?

The learned judge of the District Court there told the jury, " The jury are not required to answer any special question, unless they can make such answer upon the testimony they have heard; if any question is submitted, and no sufficient evidence appears upon which to answer, the jury can say ' don't know' or ' can not answer on the evidence.' It would aggravate the tendency of this opinion to extend itself, to quote the questions in relation to which the Supreme Court of Kansas said, of course, the court committed error in instructing the jury that they might answer the special questions by simply saying ' don't know' or 'can not answer,' but if they had been truly and completely answered, the answers would almost have furnished specifications for building, and rules for running a train." Such an administration of the law is, unless the subject is too serious for the term, a farce.

A special verdict is, like pleading, a statement of facts, and not of the evidence, however cogent, of the facts. Starkie on Ev. 766. And the statute under consideration accords with this ancient doctrine. It is a special finding of facts, inconsistent with the general verdict, that is to control it, and no question, the answer to which can not have that effect, can be material. Ward v. Busack, 46 Wis. 407; 2 Thompson on Trials, Sec. 2681. The instructions fairly told the jury that to entitle the plaintiff to recover he must have been in the exercise of ordinary care, and if there could have been any lack of certainty as to what that care should relate to, at the instance of the appellants the court told the jury that before the appellee could recover he must show by *affirmative evidence* that he was, at the time he received the injury complained of, exercising ordinary care and prudence for his own safety; that it was his duty to *look and listen* before going upon the track; and in other particulars went farther than the law does in favor of the appellants, but refused to go the length they asked. There is no error in the record, and the judgment should be affirmed.

*Judgment affirmed.*