STRINGHAM, Respondent, vs. COOK and others, Appellants.

*January 10 — January 28, 1890.*

*(1) Evidence of title to land. (2) Oral instructions to jury: Immaterial error: Waiver. (3) Pleading: Wrongful cutting of timber. (4) Special verdict.*

1. Under ch. 57, Laws of 1868, authorizing the C. & N. W. R. Co. to execute a trust as to certain lands, and declaring (sec. 7) that certificates of sale given by the commissioner as therein provided shall be *prima facie* evidence of title in fee of the lands therein described in the persons therein named, such a certificate is, with-

out other proof, conclusive evidence of title unless the contrary is shown.

2.  Upon the return of a jury to the court room, the trial judge, not noticing the temporary absence of the reporter, gave additional instructions and explanations orally.   The appellant's counsel noticed the absence of the reporter, but did not call the attention of the court to it because he intended to take advantage of the error. *Held*, that although sec. 2853, R. S., requires material instructions to be in writing, the error was not material, or, if material, was waived by the appellants.

3.  A complaint alleging that the defendants wrongfully *took* timber from the plaintiff's lands substantially charges a wrongful *cutting*, so as to allow the recovery of the damages provided for in sec. 4269, R. S.

4.  Questions which, upon the evidence, could be answered only in one way need not be submitted to the jury for a special verdict.

APPEAL from the Circuit Court for *Brown* County.

The facts are stated in the opinion.   Judgment was entered on the special verdict, in favor of the plaintiff, for $1,600 and costs.   The defendants appeal.

For the appellants there was a brief by *Hudd & Wigman*, and oral argument by *J. H. M. Wigman*.

For the respondent the cause was submitted on the brief of *E. J. Goodrick*, attorney, and *Gabe Bouck*, of counsel.

ORTON, J.   The plaintiff brings this action of replevin, alleging that he was the owner and entitled to the possession of certain pine saw-logs, cedar railroad ties and posts, and cedar logs and timber, of the value of $2,994.58, and that the defendants wrongfully took said property from the possession of the plaintiff and from his land, and wrongfully detain the same.   The defendants answered by general denial, and tendering judgment for $375, and filed an affidavit that if any such timber was cut by them on said land it was done by mistake.   The timber had been manufactured and sold, and therefore could not be delivered, and the case was tried as one of trespass.

1. The amount of the verdict is complained of as not being sustained by the evidence. I have carefully examined the evidence, and am satisfied that the verdict was warranted by it. Any specific consideration of the testimony would serve no useful purpose.

2. The plaintiff, to prove title to the land on which the timber was cut, introduced in evidence a certificate of the sale thereof to the plaintiff by the Honorable James H. Harve, a commissioner appointed by the circuit court of Milwaukee county in the case of the *Chicago & N. W. R. Co. v. Butler and others*, dated October, 25, 1870. The defendants objected to the same, and now contend that said certificate was not sufficient proof of the plaintiff's title. The certificate was made under and by virtue of ch. 57, Laws of 1868, entitled "An act to authorize the Chicago & Northwestern Railway Company to execute a certain trust." Sec. 7 of said act provides that "such commissioner may give to such purchaser or purchasers certificate or certificates of such sale or sales, and of such purchase or purchases, which shall be received in evidence in any of the courts of this state, and shall be *prima facie* evidence of the facts therein contained, *and shall be prima facie evidence of title in fee of the lands therein described in the person or persons therein named,* or his or their assigns." This statute is too conclusive of the question to admit of argument. The language, "*prima facie* evidence of title in fee," makes the certificate conclusive evidence of title in the plaintiff, unless the contrary is shown. The objection was properly overruled.

3. The court submitted the following questions to the jury for a special verdict, and the jury answered the same as follows: "(1) What quantity of timber did defendant cut and remove from [the land] during the winter of 1885 and 1886? Answer. Pine, thirty thousand feet; cedar ties, 4,000; posts, 5,000; cedar logs, twenty-five thousand feet.

(2) What was the stumpage value of the timber cut by the defendant from said lands, at the time it was cut? A. Pine, $3 per 1,000 feet; cedar ties, 4 c. per tie; posts, 2 c. per post; logs, $2.50 per 1,000 feet. (3) What was the highest market value of the said timber unmanufactured, while it remained in the defendants' possession? A. Pine, $3 per 1,000 feet; cedar ties, 4 c. per tie; cedar posts, 2 c. per post; cedar logs, $2.50 per 1,000 feet. (4) Was said timber cut from said land by mistake? A. No." When the jury returned said verdict, the court erased the word "unmanufactured" in the third question, and inserted "manufactured," and instructed the jury orally as to the difference between the ordinary and the highest rule of damages in such a case. The jury thereupon returned said verdict, but with the third question so amended, with the following answer: "Pine, $3 per 1,000 feet; cedar ties, 24 c. per tie; posts, 4½ c. per post; logs, $7 per 1,000 feet." The jury were polled at the request of the defendant, and the second juror called said that he did not understand the meaning of the words "manufactured or unmanufactured" in one of the questions. Thereupon the court explained the same orally to the juror, and he assented to the verdict.

The learned counsel of the appellant assigns as error these oral instructions to the jury, when there was no reporter present to write them, and without otherwise writing or having them written. The learned counsel states substantially in his brief what is contained in the bill of exceptions, as follows: When the court was so instructing the jury orally, the absence of the official reporter was not noticed by the court or its attention called to it. The reporter had left the court-room temporarily, unnoticed by the court. During the argument of the motion for a new trial, the counsel of the defendants admitted and stated to the court *that he noticed the absence of the reporter* at the time the jury were so orally instructed, and that he did not call the

Stringham vs. Cook and others.

attention of the court to it, *because he intended to take advantage of the error in case the verdict was against the defendant.* The statute (sec. 2853, R. S.) requires material instructions to a jury to be in writing. The probability is that such oral instructions were a mere repetition of the written charge on the same question. But this obvious mistake and unintended omission needs no apology or excuse. It may have been a technical violation of the statute, but it was not error. ˙The court committed no error, for its attention was not called to the absence of the reporter, and no question about it was acted upon by the court. It is not a ruling or decision of the court, and no possible injury was done to the defendants or to the rights of any one. If error, it was immaterial and should be disregarded. But if it was a material error it was more than waived by the defendants. The counsel of the defendants knew that the reporter was absent, and yet said nothing, nor made any objection, nor took any exception, and did not inform the court of the fact in any way, but concealed it so that the court might be entrapped into a technical error of which advantage might be taken to reverse the judgment. It was most clearly the duty of the counsel to have called the attention of the court to the absence of the reporter, or objected to the oral charge, or in some way saved the court from this mistake. If silence can ever be construed into assent it should be here under these very peculiar circumstances. To say the least of it, this kind of practice should not be followed or encouraged.

4. It is contended that there is no allegation in the complaint that the timber was "wrongfully cut," so as to allow the recovery of the higher grade of damages under sec. 4269, R. S. The complaint alleges that the defendants "wrongfully *took*" the timber from the lands, and it could not very well be *taken* from the lands without *cutting*. It substantially charges a "wrongful cutting."

5. The point is made that there was no evidence of the value of cedar logs or lumber as such, and as found by the jury. The value of cedar ties and posts seems to have been sufficiently proved. The stumpage or lumber could have easily been estimated by the number of ties and posts the logs would make, and it is to be presumed that the jury arrived at its value in this or some other proper way. The court very properly instructed the jury that they might estimate the value of the cedar logs or lumber as made into ties and posts, for they were finally so manufactured by the defendants, and there was proof of their value in that form.

6. It is contended that the verdict is defective in not passing upon all of the issues. It did not find that the timber was wrongfully cut, or that the plaintiff was the owner and entitled to the possession. If the cutting was not justified, or was not by mistake, it follows that it was wrongful, and the jury found that the cutting was done, and that it was not done by mistake. The statute requires only controverted issues of fact to be submitted to the jury for special verdict, and there was no controversy about the ownership of the land or right of possession of the property, and the evidence was undisputed. There was no evidence to overcome the presumption or *prima facie* evidence of title in fee, imported by the certificate. *Hutchinson v. C. & N. W. R. Co.* 41 Wis. 552; *Williams v. Porter*, 41 Wis. 422; *McNarra v. C. & N. W. R. Co.* 41 Wis. 69; *McHugh v. C. & N. W. R. Co.* 41 Wis. 75; *Ward v. Busack*, 46 Wis. 407; *Eberhardt v. Sanger*, 51 Wis. 72; *Ault v. Wheeler & W. Mfg. Co.* 54 Wis. 300; *Pratt v. Peck*, 65 Wis. 463. Refusal to submit questions which, on the evidence, could be answered only in one way, is not error. *Weisel v. Spence*, 59 Wis. 301.

The instructions appear to have been correct, and the

evidence clearly supports the judgment, and we find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.