WOOTEN *v.* WILCOX, STILSON & COMPANY.

Where one has a statutory lien for supplies upon personal property belonging to a firm, which property is sold to another firm composed in part of the same members, and thereupon the purchasing firm, to prevent a foreclosure and sale under the lien, agree with the creditor to pay the debt if he will grant certain indulgence and furnish other like supplies to them for their use, and the creditor complies with his undertaking, the case is not within the statute of frauds, and he may recover of the second firm upon their contract to pay the debt of the first firm.

July 8, 1891. By two Justices.

Liens. Contracts. Statute of frauds. Before Judge ROBERTS. Dodge superior conrt. August term, 1890.

Reported in the decision.

DeLACY & BISHOP and D. C. McLENNAN, for plaintiff.
E. A. SMITH, for defendants.

BLECKLEY, Chief Justice.

According to the declaration, the plaintiff had a statutory lien upon a saw-mill of Wilcox & Cleland for logs and timber, amounting to $463.70. With notice of that lien, Wilcox, Stilson & Co. purchased the mill, after which the plaintiff was about to proceed to foreclose and enforce his lien, but was prevented from so doing by the undertaking of the latter firm, who promised and agreed with the plaintiff that they would pay him the sum due from the former if he would indulge them a few days and not proceed at

once to foreclose and enforce his lien, and if he would
continue under a similar contract with them to furnish
logs and timber to the mill. They thus became in-
debted to him in the sum of $55 for logs and timber
furnished to them under this contract in addition to
the amount assumed by them for the previous firm,
making a total of $518.70. The declaration was de-
murred to on the general ground that there was no
cause of action alleged against the defendants, and the
demurrer was sustained so far as it related to the ante-
cedent debt, the court basing its decision partly upon
the specific ground that the "declaration did not clearly
allege that the plaintiff had released the original
debtor." The defendants were a partnership which
had purchased the property of another firm and con-
tinued as successors in the same business, one of the
old firm having retired, and his associate, with two
others, composing the new partnership. The question
is as to the liability of the new firm upon its promise
to a creditor to pay the latter a debt of the original
firm, this promise not appearing to have been made in
writing.

The rule of our code is that a promise to answer for
the debt of another must be in writing, signed by the
party to be charged therewith or some person by him
lawfully authorized; otherwise it is not obligatory. An
exception to the rule exists, however, "where there has
been performance on one side, accepted by the other,
in accordance with the contract." Code, §§1950, 1951.
Here the plaintiff alleges full performance on his part;
he gave the stipulated indulgence, and continued to
furnish logs and timber so long as the defendants con-
tinued in the business, and until they dissolved part-
nership. They took the benefit of the plaintiff's per-
formance, and having done so, they are not in a condi-
tion to allege the statute of frauds, modified as it has

been by our code, as a defence to an action which seeks to compel them to perform the contract on their part. Indeed, we are inclined to think that, irrespective of the express exception contained in the code, this contract is enforceable as an original undertaking by the new firm, made on a valuable consideration moving to them, and entered into to serve their own interest as a leading object and to protect property which had become theirs, subject to the plaintiff's lien, from being subjected to that lien at once. According to the declaration, the lien was ripe for immediate enforcement, and it was to prevent that enforcement that the defendants stipulated for indulgence and obtained it. The plaintiff tied his hands, bound himself by contract to allow the indulgence asked for, and did in fact allow it. To suspend the enforcement of the lien for the stipulated time was, or might have been, beneficial to the defendants. It left them in the possession and use of the property, and while it may have been less valuable to them than an extinction of the lien would have been, it fulfilled all the requisites of a valid consideration as defined by the code. " A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." Code, §2740. The fulfillment of their promise by the defendants would discharge the lien, and that seems all that the true principle of the authorities on the subject would require. Throop on Verbal Agreements, §573. Moreover, coupled with the consideration to forbear was the agreement by the plaintiff to continue to furnish logs and timber to the defendants. This part of his contract he also performed, and it is to be presumed that the defendants were benefited thereby. The case is thus within the principle of many authorities which tend to uphold the contract, though not in writing, as an original undertaking on the part of de-

fendants to make the debt their own. Young *v.* French, 35 Wis. 111 ; Weisel *v.* Spence, 59 Wis. 301, 18 N. W. Rep. 165 ; Fitzgerald *v.* Morrissey, 14 Neb. 198 ; Muller *v.* Riviere, 59 Tex. 640, 46 Am. Rep. 291 (notes); Throop on Verbal Agreements, §647 ; Browne Stat. Frauds, §200(a) ; 1 Reed Stat. Frauds, §§72, 143 ; Phillips on Mec. Liens, §§213, 505.

The court erred in sustaining the demurrer. Consequently, a new trial is necessary. *Judgment reversed.*